[Civ. No. 31512. Fourth Dist., Div. One. Mar. 1, 1984.]

LINCOLNSHIRE CONDOMINIUM, LTD., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
WESTLANDS BANK, Real Party in Interest.

## COUNSEL

Jeffrey M. Shohet and Gray, Cary, Ames & Frye for Petitioner.

No appearance for Respondent.

Victor Epport and Epport, Kaseff & Mirman for Real Party in Interest.

## OPINION

**BUTLER, J.**—There was a discovery dispute and the parties agreed to extend the 30 days for bringing a motion to compel further responses to interrogatories (Code Civ. Proc., § 2030, subd. (a)). Notwithstanding their stipulation, the court denied the motion to compel saying it lacked jurisdiction because the motion was made more than 30 days after the service of the answers. Petitioner brought a motion for reconsideration, in order to document the agreement, which was denied.

The question here is one of jurisdiction. Does the 30-day limit for bringing the motion to compel confer subject matter jurisdiction on the court which cannot be modified by the court nor waived by the parties? The answer is found in the statute itself, which states in part: "If the party who has submitted the interrogatories deems that further response is required, he may move the court for an order requiring further response. Such motion must be upon notice given within 30 days from date of service of the answers or objections *unless the court, on motion and notice, and for good cause shown, enlarges the time.*" (Code Civ. Proc., § 2030, subd. (a),[1] italics added.)

---

[1] Code of Civil Procedure section 2030, subdivision (a), extends the 30-day period to 45 days as of January 1, 1984.

■ If the court has the power to enlarge the time, then the 30-day limit does not regulate the power of the court to act. Such a time limit may be extended by written stipulation of the parties.

The trial judge purportedly relied on *Vidal Sassoon, Inc.* v. *Superior Court* (1983) 147 Cal.App.3d 681 [195 Cal.Rptr. 295] in coming to the opposite conclusion. But *Vidal Sassoon* does not deal with jurisdiction in the sense of subject matter jurisdiction which cannot be conferred by the court or the parties. All it says is that bringing the motion within 30 days is mandatory unless the time has been extended. In making this statement, the court in *Vidal Sassoon* relies on *Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771 [149 Cal.Rptr. 499]. *Deyo* in dictum recognizes the possibility of a stipulation by the parties to extend the time for further response to interrogatories. No one has suggested any reason why the parties cannot stipulate to extend a time limit which the court is expressly authorized to extend.

Real party was given the opportunity to respond to the petition and declined, even after an alternative writ issued. No one asked for oral argument.

Let a writ of mandate issue directing the superior court to vacate its order dismissing the motion to compel further answers to interrogatories, and to hear the motion and rule on its merits.

Brown (Gerald), P. J., and Cologne, J., concurred.