[No. A048126. First Dist., Div. Three. Mar. 14, 1990.]

DAVID CARTER et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-
INSURANCE BUREAU, Real Party in Interest.

COUNSEL

Goldstein & Phillips, R. Scott Erlewine and Andrew F. Pierce for Petitioners.

No appearance for Respondent.

McGlynn, McLorg & McDowell, Vincent B. McLorg, Coddington, Hicks & Danforth and Randolph S. Hicks for Real Party in Interest.

OPINION

WHITE, P. J.—These petitioners raise the novel question of whether a party who has missed the deadline for compelling inspection of documents

under Code of Civil Procedure section 2031[1] is barred from requesting that the same documents be brought to a deposition (§ 2025). We conclude that the Legislature has provided two procedures for the same kind of discovery and that absent a finding of burden under section 2019, subdivision (b), or a similar section, failure of one procedure does not bar use of the other.

Petitioners are plaintiffs in an action against their insurer for bad faith refusal to settle a claim. On December 30, 1988, they served on real party in interest a demand for inspection of the complete claims file for the case. Real party objected on attorney/client and attorney work product grounds. For reasons we need not explain, petitioners' motion to compel further responses was filed beyond the 45-day limit set by section 2031, subdivision (*l*). The court denied their motion as untimely.

Petitioners then tried to secure the requested documents by another demand for inspection and by a motion to reconsider the first ruling. The court denied these motions as well.

Next, petitioners noticed the deposition of the custodian of records for real party, requesting that the deponent bring the previously withheld documents. Real party moved for a protective order, citing *Professional Career Colleges, Magna Institute, Inc.* v. *Superior Court* (1989) 207 Cal.App.3d 490 [255 Cal.Rptr. 5], for the proposition that a litigant may not obtain through a second discovery request what has been lost by untimely prosecution of a first request. After hearing, the court granted the protective order. This petition followed.

■ Preliminarily, we note that this petition meets the standards for challenging a discovery order by extraordinary writ. It raises a question of first impression of general importance to the bar and bench, and the answer we give will provide guidance for future cases. (See *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854]; *Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185-186, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439].)

■ Section 2031, subdivision (*l*), provides in pertinent part that unless notice of a motion to compel further responses to a demand for inspection "is given within 45 days of the service of the response, or on or before any specific later date to which the demanding party and the responding party have agreed in writing, the demanding party waives any right to compel a further response to the inspection demand."

---

[1] All further statutory references are to the Code of Civil Procedure.

Petitioner contends that the failure to meet the 45-day limit only does what the statute says, it causes a waiver of the right to compel further response "to the inspection demand." According to petitioner the various discovery methods are independent and failure of one method does not bar use of another.

Real party argues, though, that only one method of discovery is involved—production of documents—and that this method "simply happens to be available under two separate statutes." Real party asserts that the *Professional Career Colleges* decision controls the result here.

In *Professional Career Colleges, Magna Institute, Inc.* v. *Superior Court, supra*, 207 Cal.App.3d 490, the plaintiff made no motion to compel further responses to his first set of interrogatories, but served a second set of interrogatories which included one of the questions from the first set. The appellate court found that "it would be an absurdity to say that a party who fails to meet the time limits of section 2030 may avoid the consequences of his delay and lack of diligence by propounding the same question again. Such a construction of the statute would obviously encourage delay and provide no incentive to attempt to resolve any dispute with the opposing party. The Legislature has explicitly stated that unless a party moves to compel further response within 45 days of the unsatisfactory response, he waives *any* right to compel a further response. We hold that this means what it says; plaintiff's motion was therefore untimely." (*Id.*, at p. 494, italics in original).

This case is distinguishable. In *Professional Career Colleges*, both discovery requests were made under the same code section. Here petitioner has attempted discovery under two separately authorized procedures. Section 2031, subdivision (*l*) prescribes a waiver of "any right to compel a further response *to the inspection demand.*" (Italics added.) It does not prescribe a waiver of the party's right to use other discovery methods for obtaining the same documents or information.

Real party argues that petitioners have employed only one discovery "method" which is available under two separate statutes. But the inspection of documents procedure is quite different from a deposition at which a party is required to bring documents. Nothing in either section 2025 or section 2031 suggests that seeking documents under one statutory procedure bars a litigant from seeking the same documents under the other.

The silence of these sections on the subject may be explained by the presence elsewhere of general restrictions on abusive discovery. Elsewhere in the Civil Discovery Act of 1986, the Legislature has provided that although a party "may obtain discovery by one or more" of several methods,

"[t]he court shall restrict the frequency or extent of use of these discovery methods if it determines either of the following: [¶] (1) The discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. [¶] (2) The selected method of discovery is unduly burdensome or expensive, taking into account the needs of the case . . . ." (§ 2019, subd. (b).) In addition, section 2025, subdivision (i), authorizes the court, "for good cause shown" to protect a party from "unwarranted annoyance, embarrassment, or oppression, or undue burden and expense," by ordering that "all or certain of the writings or tangible things designated in the deposition notice not be produced, inspected, or copied."

The superior court possesses considerable discretion to restrict burdensome or duplicative discovery. Perhaps because of the similarity of *Professional Career Colleges* to this case, real party's motion below did not ask the court to exercise its discretion under the above statutes. We hold that this case is not controlled by the *Professional Career Colleges* rationale. We issue a writ of mandate to vacate the superior court's ruling and permit it to reconsider whether real party should be protected from production of the documents sought by petitioners.

We issue a peremptory writ of mandate in the first instance (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893]).

Let a peremptory writ of mandate issue directing the Superior Court of the City and County of San Francisco to vacate its protective order and to reconsider its ruling on the motion.

Merrill, J., and Strankman, J., concurred.

A petition for a rehearing was denied April 5, 1990, and the petition of real party in interest for review by the Supreme Court was denied May 23, 1990.