[No. E008601. Fourth Dist., Div. Two. Nov. 27, 1990.]

STANDON CO., INC., et al., Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
HWAN KIM, Real Party in Interest.

**COUNSEL**

Dolan, Cohen, Taylor & Peterson and Marsha Baucom for Petitioner.

No appearance for Respondent.

Carl D. Barnes and Andrew J. Fodo for Real Party in Interest.

## OPINION

**DABNEY, J.**—In this matter, petitioners Standon Co., Inc., and its employee Robert Roy Hand (hereinafter generally Standon) raise an issue of apparent first impression concerning the interpretation of Code of Civil Procedure section 2031.[1] We will issue the writ to compel the trial court to exercise its discretion on the question of sanctions, but otherwise deny the relief sought.[2]

### STATEMENT OF FACTS

The underlying action is one for personal injuries allegedly suffered by plaintiff and real party in interest Hwan Kim. It is alleged that the injuries were received in an automobile accident involving a vehicle driven by Standon's employee, Robert Hand.

On May 9, 1990, Standon served a "Demand for inspection and production of documents" on Kim pursuant to section 2031. Among the items requested were "Any and all statements, including transcriptions of oral statements, taken from the party propounding this request or from any agent, servant or employee of this party." (Hereinafter sometimes statements.)

---

[1] All further section references are to the Code of Civil Procedure.

[2] As we have determined that a peremptory writ should issue in the first instance with respect to sanctions, we avoid the confusion which is caused when the appellate court denies a petition in a written opinion, without having issued the alternative writ or order to show cause. (See *Bay Development, Ltd.* v. *Superior Court* (1990) 50 Cal.3d 1012, 1023-1025 [269 Cal.Rptr. 720, 791 P.2d 290].) Such a denial is final forthwith in the same manner as a routine, one-sentence "summary denial," and a dissatisfied party is left with only 10 days in which to seek review. Further, he may not seek a rehearing. (Cal. Rules of Court, rule 24 (a).)

The result is that if the appellate court determines that the lower court erred, it may speedily resolve the case by issuing a peremptory writ in the first instance, without a prior order to show cause or alternative writ, and without scheduling oral argument. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178 [203 Cal.Rptr. 626, 681 P.2d 893].) The normal review procedures apply under rule 24. On the other hand, if an issue deserves thorough treatment, but the appellate court determines that the lower court was correct, it is encouraged, in order to provide the same review procedures, to employ the more time-consuming procedures of the alternative writ or order to show cause. (*Bay Development, supra.*) We do no more than point out the anomaly.

On May 31, 1990, Kim served a document entitled "Plaintiff's response to defendant's demand for production of documents." Kim objected to virtually every request, but these objections fall into two categories. Some of the objections were technical, directed to the form of the request rather than to Standon's substantive right to obtain the items sought; Kim expressly agreed to produce some of the documents to which he had made these objections, and listed those in his possession. In the other respect, however, Kim raised objections claiming the documents requested were privileged and thus not subject to discovery; he also asserted, with respect to these demands, that the requisite good cause had not been shown under section 2031, subdivision (*l*). ■ ■■■■ He did, however, list the items in his possession which fell within each assertedly objectionable demand.[3]

The demand for the statements was among those demands to which Kim raised the objection of work product privilege and the failure to show good cause for production.

It is important to note at this point that we construe these objections as containing an implicit refusal to produce the items sought.[4] It is true that Kim also raised the objection of "vague, ambiguous, and unintelligible" to, for example, the demand for production of "Any and all bills, statements, invoices, and similar documents evidencing expenses alleged to have been incurred as a result of this incident. This request includes, but is not limited to, all medical bills, drug receipts, automobile repair bills and estimates, etc." However, we construe this as a "nuisance" objection, and not as an attempt to justify a complete failure to comply. Had Kim relied on this objection to the extent of refusing to produce any medical bills or expense documentation, it is beyond question that this would have been subject to sanction. On the other hand, the objections of work product and failure to show good cause are substantive bars to compelled production. (See generally *BP Alaska Exploration, Inc.* v. *Superior Court* (1988) 199 Cal.App.3d 1240, 1249 et seq. [245 Cal.Rptr. 682] on work product; *Beesley* v. *Superior Court* (1962) 58 Cal.2d 205 [23 Cal.Rptr. 390, 373 P.2d 454] on good cause.) Thus, by raising the objections, Kim gave notice that the allegedly protected materials would not be disclosed.

---

[3] Even where a party deems a demand to be objectionable, he still must identify those items which fall into the category of item in the demand to which an objection is being made. Thus, Kim's identification of documents was not inconsistent with the claim of privilege and failure to show good cause.

[4] The work product doctrine was also raised with respect to the first demand, which specified photographs and accident diagrams. However, the response clearly indicated that the photographs would be produced, so that the claim of privilege appears to refer only to the diagrams prepared, apparently, by Kim's expert. The diagrams were not in fact produced, and no challenge was made to this portion of the response.

Subsequently, on June 13, 1990, Kim served a second document entitled "Plaintiff's response to defendant's demand for production of documents." This document served as a cover letter for the actual documents and photographs being produced; it listed the items provided and repeated the objections concerning the statements.

After an unproductive exchange of correspondence, Standon filed a motion to compel further response on August 8, 1990, directed solely at the statements. The trial court found it untimely and did not reach the merits of the motion. The trial court also imposed sanctions against Standon and Robert Hand in the amount of $1 each.

## DISCUSSION

██ Section 2031, subdivision (*l*), requires that a motion to compel further response to a demand for production be made within 45 days of the service of the response. Failure to so move within the specified period constitutes a waiver of any right to compel a further response; indeed, similar provisions have been held at least quasi-jurisdictional. (*Lincolnshire Condominium Ltd.* v. *Superior Court* (1984) 158 Cal.App.3d 524 [206 Cal.Rptr. 1]; cf. *Vidal Sassoon, Inc.* v. *Superior Court* (1983) 147 Cal.App.3d 681 [195 Cal.Rptr. 295].). Standon's motion was made less than 45 days after the date for *production*, but more than 45 days after the *response* date. A careful reading of the statute compels the conclusion that the motion was untimely.

Section 2031 sets out the time limits for responses, compliance, and court action. The demand for production must specify "a reasonable time for the inspection that is at least 30 days . . . after service of the demand". (Subd. (c)(2).) Subdivisions (f) through (h) provide the formal and time requirements for the responding party's response. Within 70 days after service of the demand, the responding party must serve a statement of intent to comply with a demand, or a representation of the party's inability to comply, or objections (or any combination of the 3). This document is described as a "statement of compliance, representations, or objects [*sic*]" in the caption to subdivision (f), but is thereafter generally referred to simply as the "response."

Section 2031, subdivision (*l*), which governs motions to compel a further response, explicitly covers the situation in which the propounding party "deems that (1) a statement of compliance with the demand is incomplete, (2) a representation of inability to comply is inadequate, incomplete, or

evasive, or (3) an objection in the response is without merit or too general." These are the three categories of response permitted under subdivision (f), and the only reasonable construction is that the motion to compel further response must be made within 45 days of the service of the response which has been found unsatisfactory.

Standon argues that the 45 days runs from the date set for production or inspection. However, a failure in the actual compliance with the demand is governed by section 2031, subdivision (m). Under that subdivision, a party may seek to compel "compliance" with the demand if "a party filing a response . . . under subdivision (f) thereafter fails to permit the inspection in accordance with that party's statement of compliance." No time limit is placed on such a motion.

Thus, the procedure contemplated is that nonmeritorious objections in the response must be attacked by motion within 45 days of its service. The aim of such a motion is to obtain a court order requiring a further response which completely identifies the available, nonprivileged documents and agrees to produce them. By this process, the validity of claimed privileges is resolved by the court.

Once an adequate response has been obtained, there is no longer any dispute over the right to inspect the documents or objects. Although an actual refusal to produce the items promised may lead to a motion to compel *compliance* under section 2031, subdivision (m), this cannot be substituted for the motion to compel a further *response* under subdivision (*l* ).

Standon argues that the statute is ambiguous, asserting that in *Carter* v. *Superior Court* (1990) 218 Cal.App.3d 994 [267 Cal.Rptr. 290], the court held that the 45-day limit ran from the date of service of the response rather than from the date of service of the statement of compliance. *Carter* does not so hold.[5] But Standon's confusion results from the mischaracterization of "statement of compliance" as a synonym for "response"; rather, as we have explained above, the former is merely one permissible form of the required response. In fact, in *Carter* there was no production, only a response containing objections; the court's use of the term "response" can only refer to the documentary reply required by section 2031, subdivisions (f) through (h), and not to any physical production.

---

[5] That court was not asked to decide the issue which we address; its reference to the failure of petitioner to move to compel further response in a timely fashion was no more than background to a discussion of various discovery methods.

It may well be that there are solid arguments in favor of extending the propounding party's time to compel further response well beyond the date set for actual production. Such an extension would permit time for informal negotiations or changes of heart; it would also lessen the possibility of multiple motions where a response is challenged as partly invalid, and the actual production is also defective. However, these are considerations for the Legislature, not the courts. ■ "When statutory language is thus clear and unambiguous there is no need for construction, and courts should not indulge in it." (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) Unless the plain language of a statute leads to absurdity, a court may not so construe it as to substitute its wisdom for that of the Legislature. (*Lasky, Haas, Cohler & Munter* v. *Superior Court* (1985) 172 Cal.App.3d 264, 279 [218 Cal.Rptr. 205].)[6]

■ The result here cannot be called absurd. Accordingly, the trial court correctly interpreted the statute and determined that Standon's motion was untimely.

■ However, the trial court's award of monetary sanctions, and the amount, appear to have been based on the mistaken belief that it was required to award such sanctions simply because Standon's motion was unsuccessful. (See § 2031, subd. (*l*).) In ruling, the court stated "In this particular case I think the result is wrong. Accordingly, I'm going to grant costs to the opposing party. Only one dollar in attorney fees. That's what I think about your opposition. Otherwise, I would have granted the motion. But for the fact it was untimely." Both the amount of attorneys' fees awarded, and the court's comments, indicate that the award was made under a perceived compulsion.

However, the statute only requires an award of monetary sanctions against the party who unsuccessfully makes or opposes a motion to compel unless the court finds that the losing party acted with "substantial justification," or "that other circumstances make the imposition of the sanction unjust." The record does not reflect that the court considered whether Standon fell within either of these exceptions, where the statute had not been construed by an appellate court, and we will direct the trial court to reconsider the issue of sanctions and to exercise its discretion thereon.

---

[6] Subdivision (*l*) of section 2031 allows the demanding and responding parties to agree to an extension of time in which the demanding party may move to compel a further response. Such an agreement might often be in the interests of both sides.

Let a peremptory writ issue, directing the trial court to vacate its order awarding sanctions and to reconsider said order in light of this opinion. In all other respects the petition is denied.

Hollenhorst, Acting P. J., and Timlin, J., concurred.