[No. A092262. First Dist., Div. Two. Aug. 3, 2001.]

MELANIE WELCH, Plaintiff and Respondent, v.
OAKLAND UNIFIED SCHOOL DISTRICT, Defendant and Appellant.

[No. A092270. First Dist., Div. Two. Aug. 3, 2001.]

MARK PETROFSKY, Plaintiff and Respondent, v.
OAKLAND UNIFIED SCHOOL DISTRICT, Defendant and Appellant.

**COUNSEL**

Roy A. Combs and Raymond W. Hamilton for Defendant and Appellant.

Law Offices of David Weintraub and David Weintraub for Plaintiff and Respondent.

**OPINION**

**LAMBDEN, J.**—Melanie Welch (Welch) and Mark Petrofsky (Petrofsky) separately filed petitions for peremptory writ of mandate after they were dismissed from their teaching positions with the Oakland Unified School District (District) on a 15 days' notice of termination. The trial court granted the petitions, finding that they were probationary employees entitled to 30

days' notice and a right to hearing under Education Code section 44948.3, subdivision (a).[1]

The District appealed, and we consolidated both appeals. The District contends that Welch was an "intern," not a "district intern," and therefore she was a temporary rather than a probationary employee. Further, the District asserts that subdivision (a) of section 44885.5 requires at least a year of service for probationary status. Since it terminated the employment of Welch and Petrofsky prior to the completion of their first year of service, they were temporary employees. We are unpersuaded by the District's argument.

## BACKGROUND

*Welch*

In August 1998, the District offered Welch a teaching position; she was to start teaching on September 3, 1998. Welch was a participant in the Partnership Program at California State University, Hayward (CSUH), an approved program of teacher preparation under section 44830.3.

On September 17, 1998, the District initiated, on behalf of Welch, the application for an internship multiple subject teaching credential. CSUH verified her eligibility and forwarded her application to the California Commission on Teacher Credentialing (CTC). She received her credential effective from September 1, 1998, until October 1, 2000.

A little less than a month later, on October 7, 1998, Welch signed an employment contract with the District, which covered the 1998-1999 school year. The contract was entitled "Teacher's Temporary Employment Contract," and it specified that either party could terminate the contract by giving 15 days' notice.

Welch began teaching at Calvin Simmons Middle School, but she was soon transferred to Lowell Middle School (Lowell). Welch asserts that on her first day at Lowell, on October 23, the principal asked her if she was a Christian and he informed her that the culture at the school was Christian. He told her that she would "not fit in if Jesus talking bothered [her]." A few days later the principal told her that he had spoken to his congregation about her and that his congregation and he had prayed for her because she is an atheist. The principal, however, denied this account. He said that he had told her that he had "prayed" for a math teacher, and she responded with, "Don't

---

[1]All further unspecified code sections refer to the Education Code.

pray for me, I am an atheist." When she proceeded to elaborate on the reasons for her being an atheist, he told her that this was not an issue at the school; the only issue was that the school needed a math teacher.

Subsequently, Welch alleges that a student disrupted her classroom and, in another incident, this same student attempted to attack her. She also stated that a parent burst into her classroom and threatened her. She met with the principal about filing a complaint but, according to Welch, he admonished her that if she complained about school safety he would "have 20 kids say [she] hit and kicked them."[2] Welch did file a complaint on October 30, 1998, with Laura Johnson (Johnson), Director of Middle Schools.

A letter dated November 2, 1998, from the District notified Welch that it had placed her on administrative leave with pay effective November 2, 1998. The letter stated that it was investigating allegations of her erratic behavior, including hitting and kicking children at Lowell. The principal had received complaints from students and concerns from staff about Welch's behavior and he sent a memorandum to Johnson detailing the incidents reported to him.

By letter dated February 2, 1999, the District informed Welch that the District had decided to release her from her employment contract, and it would pay her through February 26, 1999. Welch filed a petition for peremptory writ of mandate on August 9, 1999.[3]

*Petrofsky*

The District hired Petrofsky to teach during the 1998-1999 school year with his service to begin on September 3, 1998, and conclude on June 18, 1999. The contract contained the same essential terms and had the same title as the one signed by Welch.

Petrofsky had participated in Project Pipeline, an "approved" program of teacher preparation under section 44830.3. The District initiated an application for an internship teaching certificate on Petrofsky's behalf by sending all documents and fees to the CTC. Thus, Petrofsky obtained a district intern certificate effective from September 3, 1998, to October 1, 2000.

Due to allegations that Petrofsky used profanity and racially derogatory remarks to students, the District sent him a letter dated February 17, 1999, stating that he was being placed on administrative leave. By letter dated

---

[2]The principal denied ever making this statement.

[3]Subsequently, she filed an amended petition for peremptory writ of mandate.

February 24, 1999, the District notified Petrofsky that he was being released from his employment contract with the District and that he would be paid through March 16, 1999.

On August 4, 1999, Petrofsky filed a petition for peremptory writ of mandate.[4]

*Court Order*

The court held a hearing on both petitions on the same date, and granted both petitions. The court found that Welch and Petrofsky had an internship credential making them district interns with rights related to dismissal from employment pursuant to sections 44830.3 and 44948.3. The court further found that a district intern is a probationary employee, and the termination of the teachers' employment on fewer than 30 days' notice and without an opportunity to appeal violated the Education Code. The court found the employment contract "to be an impermissible attempt to abrogate the mandatory duty of the [District] under the Education Code."

The District, the court ordered, must provide Welch and Petrofsky all dismissal procedure rights under section 44948.3. The court also ordered backpay and benefits from the dates of dismissal. The court refused to award Welch and Petrofsky attorney fees pursuant to section 44944.

The District filed timely notices of appeal, and we consolidated both appeals.

## DISCUSSION

Pursuant to their employment contracts with the District, the District provided Welch and Petrofsky with a 15-day notice of the termination of their contracts. However, under section 44948.3, subdivision (a), the District must provide 30 days' prior written notice of dismissal and give the employee an opportunity to request a hearing if the employee is probationary. It is undisputed that the District did not provide either of them with 30 days' notice, nor did it give them an opportunity to appeal the termination. Under section 44948.3, subdivision (c), the statute's mandatory requirements regarding notice and the right to appeal only apply to probationary employees.

The District contends that it did not have to comply with the mandates of subdivision (a) of section 44948.3, because Welch was an intern hired under

---

[4]Petrofsky filed an amended petition on November 2, 1999.

the Teacher Education Internship Act of 1967 (§ 44450) and therefore a temporary employee under section 44920. In addition, even if she were a district intern, she did not have probationary status under section 44885.5, because she only had one year of employment. Petrofsky, the District concedes, was a district intern, but he, too, was a temporary employee because he had not completed a year of service. The trial court, according to the District, erred when it ruled that both Welch and Petrofsky were probationary employees entitled to the protections of section 44948.3, subdivision (a).

The District asserts that we should review de novo the trial court's statutory interpretation (*Bravo Vending v. City of Rancho Mirage* (1993) 16 Cal.App.4th 383, 391-392 [20 Cal.Rptr.2d 164]). Welch and Petrofsky disagree and state that we must presume that the trial court ruled correctly (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]) and that the evidence and findings support the judgment (*Kompf v. Morrison* (1946) 73 Cal.App.2d 284, 286 [166 P.2d 350]). ■ In fact, we independently review the superior court's legal conclusions about the meaning and effect of statutory provisions (see, e.g., *Greenwood Addition Homeowners Assn. v. City of San Marino* (1993) 14 Cal.App.4th 1360, 1367 [18 Cal.Rptr.2d 350]; *Burden v. Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672]), but for all factual issues we look to see if substantial evidence supported the order and we resolve all conflicts in the relevant evidence against the party appealing and in support of the order (see, e.g., *Wolfe v. City of Alexandria* (1990) 217 Cal.App.3d 541, 546 [265 Cal.Rptr. 881]).

### A. *District Intern Under Section 44830.3, Subdivision (a)*

■ The District concedes that Petrofsky was a district intern pursuant to section 44830.3, subdivision (a),[5] but it asserts that Welch was not. It acknowledges that Welch had an internship multiple subject teaching credential issued by the CTC, but it asserts that this intern certificate is not the same as a "district intern certificate." The former is issued, according to the District, under the Teacher Education Internship Act of 1967 (§ 44450 et seq.), while the latter is issued pursuant to section 44830.3.

Section 44830.3, subdivision (a) provides in relevant part: "The governing board of any school district that maintains kindergarten or grades 1 to 12, inclusive, . . . may, in consultation with an accredited institution of higher education offering an approved program of pedagogical teacher preparation,

---

[5]Initially the District claimed that Petrofsky was not a district intern pursuant to section 44830.3.

employ persons authorized by the Commission on Teacher Credentialing to provide service as district interns to provide instruction to pupils in those grades or classes as a classroom teacher. . . ."

It is undisputed that CSUH had an approved teacher program pursuant to section 44830.3, subdivision (a), and both the District and the university jointly applied to the CTC for a credential for Welch. Still, the District asserts that she was not a district intern pursuant to this section; rather, she was an intern pursuant to section 44450 et seq. (The purpose of the internship programs under the Teacher Education Internship Act of 1967 is to enhance the preparation of teachers so that their learning combines theory and practice.)[6] ▉ In determining the proper classification under the statute, we employ the fundamental rule of statutory construction that a statute "must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity." (*DeYoung v. City of San Diego* (1983) 147 Cal.App.3d 11, 17-18 [194 Cal.Rptr. 722].)

▉ The record indicates that not only did the District fail to advocate this technical distinction between "intern" and "district intern" in the past, it accepted money in exchange for hiring what it referred to as "district interns." In the declaration of Michael D. McKibbin (McKibbin), Project Officer of the Alternative Certification Division of CTC, he states that he was involved in the drafting, negotiating and enforcement of legislation, as well as supervising the financing of intern programs in California. He reported that the District received funding in the 1998-1999 school year for "district interns" it employed from its partnership program with CSUH. The CTC gave the District $1,500 for each intern it employed. In order to obtain this funding, the District represented to the CTC that it would employ qualified "district interns" under sections 44325 and/or 44830.3. Welch was hired as one of these qualified "district interns." Further, McKibbin stated that CTC issued Welch an internship multiple subject teaching credential effective September 3, 1998, based on the representations and recommendations of the District and CSUH.

---

[6]Section 44451 provides: "The intent of the Legislature in enacting this article is to increase the effectiveness of teachers and other professional school service personnel in the public schools of California by placing theory and practice as closely together as possible in college and university programs for the preparation of teachers and professional school service personnel. The Teacher Education Internship Act of 1967 is enacted to encourage the development and maintenance of preparation programs that are realistic and practical in content and theory and are directly related to the individual functions and responsibilities practitioners in the public schools of California face. The desirability of joining theory and practice during the learning period has been demonstrated amply in teaching internship programs during the past several years both within and without the state."

Because the District not only represented to the CTC that Welch was a district intern but also accepted funds based on her being a district intern pursuant to sections 44830.3 and/or 44325, its current position that she is not a district intern will not be entertained by this court. Giving any consideration to the District's argument would contravene one of the maxims of jurisprudence that "[n]o one can take advantage of his own wrong" (Civ. Code, § 3517). "A court of equity [or law] does not allow one to take advantage of his own fraud and will refuse to lend its aid to assist in enforcing a fraudulent imposition upon government, public, or private individuals." (*Bowman v. Bowman* (1932) 125 Cal.App. 602, 612 [13 P.2d 1049].) Since the District accepted funds on the condition that Welch was a district intern, equity dictates that it cannot now complain that she was really just an "intern" and therefore not entitled to probationary status.

## B. *Section 44885.5*

The District asserts that even if Welch and Petrofsky were district interns they were not entitled to probationary status under section 44885.5, subdivision (a). This provision reads as follows: "Any school district shall classify as a probationary employee of the district any person who is employed as a district intern pursuant to Section 44830.3 and any person who has completed service in the district as a district intern pursuant to subdivision (b) of Section 44325 and Section 44830.3 and is reelected for the next succeeding school year to a position requiring certification qualifications. [¶] The governing board may dismiss or suspend employees classified as probationary employees pursuant to this subdivision in accordance with the procedures specified in Section 44948 or 44948.3 as applicable." (§ 44885.5, subd. (a).)

The District maintains that under section 44885.5 an employee is classified as probationary only if the person satisfies each of the following three criteria: The person must be a district intern, must have completed service in the district as a district intern pursuant to sections 44325 and 44830.3, and must have been reelected for the next succeeding school year. This interpretation, according to the District, comports with the clear and unambiguous language of the statute and therefore statutory construction is not necessary (*Standon Co. v. Superior Court* (1990) 225 Cal.App.3d 898, 904 [275 Cal.Rptr. 833]).

The trial court did not interpret section 44885.5 in the manner advocated by the District. It pointed out that proper construction of the statute requires the court to consider the language of subdivision (a) in conjunction with that of subdivision (b). Subdivision (b) of section 44885.5 provides: "Every

certificated employee, who has completed service as a district intern pursuant to subdivision (b) of Section 44325 and pursuant to Section 44830.3 and who is further reelected and employed during the succeeding school year as described in subdivision (a) shall, upon reelection for the next succeeding school year, to a position requiring certification qualifications, be classified as and become a permanent employee of the district. . . ."

The trial court concluded that subdivision (a) of section 44885.5 did not require the district intern to satisfy all three of the criteria set forth, but rather it contemplated two categories of district interns. The statute specifies that a probationary employee is "any person who is employed as a district intern pursuant to Section 44830.3 and any person who has completed service in the district as a district intern pursuant to subdivision (b) of Section 44325 [district intern certificate shall be valid for a period of two years] and Section 44830.3 . . . ."[7] (§ 44885.5, subd. (a).) The language "any person" indicates that those hired as district interns comprise the first category, while individuals who have completed a district internship but are still not permanent constitute the second. Thus, the second clause of subsection (a) protects the probationary status of the second category during the third year of employment when permanent status is unattainable. Indeed, subdivision (b) of this provision substantiates this construction, because it points out that the district intern whose internship is completed after two years will not become classified as permanent until the fourth year.

The District responds that the statute uses the word "and"; if the Legislature contemplated two categories of district interns it would have used the word "or." It asserts that "[c]ommon sense indicates that the Legislature is well aware of the difference between the word 'and' and the word 'or', since it commonly uses them throughout the Education [Code]. Indeed, common sense indicates that the Legislature specifically chose to use conjunctive language rather than disjunctive language to express its clear intent." (Fn. omitted.)

■ In considering how to interpret this statute, we follow the well-established rules regarding statute construction. " " " 'A statute must be construed "in the context of the entire statutory [scheme] of which it is a

---

[7]Section 44325, subdivision (b) provides: "Each district intern certificate shall be valid for a period of two years. However, a certificate may be valid for three years if the intern is participating in a program that leads to the attainment of a specialist credential to teach pupils with mild and moderate disabilities, or four years if the intern is participating in a program that leads to the attainment of both a multiple subject or single subject teaching credential and a specialist credential to teach pupils with mild and moderate disabilities. Upon the recommendation of the school district, the commission may grant a one-year extension of the district intern certificate."

part, in order to achieve harmony among [its] parts." [Citation.]' " ' " (*O'Brien v. Dudenhoeffer* (1993) 16 Cal.App.4th 327, 332 [19 Cal.Rptr.2d 826].) However, " ' "[i]t is a prime rule of construction that the legislative intent underlying a statute [or statutes] must be ascertained from its language; if the language is clear, there can be no room for interpretation, and effect must be given to its plain meaning. [Citation.]" ' " (*Ibid.*)

 Here, the District argues that the use of the word "and" in the statute makes it clear that the Legislature was requiring a district intern to satisfy all three of the criteria preceded by the word "and" before attaining probationary status. The District, however, ignores the fact that the statute does not use the phrase "any person" before each alleged "requirement." Rather, the phrase is only used twice, which indicates that the statute is setting forth two categories of people. Indeed, the construction proposed by the District would make the statute grammatically incorrect, since it would violate the rule of parallel construction.

The District also argues that policy supports its interpretation because it would only create a probationary classification when an intern enters the second or third year of employment. The Education Code specifically acknowledges that teachers may be hired on a temporary basis (see § 44920).

However, as Welch and Petrofsky point out, there is much more compelling evidence that policy supports interpreting the statute as conferring probationary status on all district interns. The Assembly Committee on Ways and Means prepared a "Summary" of Senate Bill No. 813 (1983-1984 Reg. Sess.), which states in pertinent part: "[Teacher] trainees would be probationary employees. The Commission on Teacher Credentialing would grant trainee certificates, individualized plans for professional development would be required, and after 2 years of successful teaching a district governing board could recommend such a teacher for a credential."

In addition, section 44920 specifies that temporary employees are only to be hired if there are long-term vacancies due to a teacher's leave of absence. It provides in relevant part: "The employment of [temporary employees] shall be based upon the need for additional certificated employees during a particular semester or year because a certificated employee has been granted leave for a semester or year, or is experiencing long-term illness, and shall be limited, in number of persons so employed, to that need, as determined by the governing board." (§ 44920.)

The District counters that section 44920 is irrelevant because the record is devoid of any facts related to whether the hiring of Welch and Petrofsky

complied with the mandates of this provision. We conclude, however, that this statute is relevant to the question of whether we should accept the District's argument that all first-year district interns have temporary status. Accepting the District's interpretation of section 44885.5 would not only require us to interpret the statute so that it is grammatically incorrect but also would result in an interpretation that would flout the mandates of section 44920. Accordingly, we reject the District's proposed construction.

We agree with the trial court that the employment contracts drafted by the District providing for termination on 15 days' notice to either party resulted in "an impermissible attempt to abrogate the mandatory duty of the [District] under the Education Code." Accordingly, we hold that Welch and Petrofsky had probationary status and terminating their employment on fewer than 30 days' notice and without any opportunity to appeal violated the District's duty under section 44948.3, subdivision (a).

### DISPOSITION

We affirm the judgments. Welch and Petrofsky are awarded costs.

Kline, P. J., and Ruvolo, J., concurred.