Filed 10/13/15  Windsor Skyline Care Center v. Superior Court CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| WINDSOR SKYLINE CARE CENTER, LLC et al., | No. H041257 |
| Petitioners, | (Monterey County Super. Ct. No. M123420) |
| v. | |
| THE SUPERIOR COURT OF MONTEREY COUNTY, | |
| Respondent; | |
| ELIDA KING et al., | |
| Real Parties in Interest. | |

Petitioners Windsor Skyline Care Center, LLC, Laurie Behrend, and Raquel Arcon (collectively, Windsor) seek a writ of mandate and/or prohibition compelling the respondent superior court to set aside its order granting the motion of real parties Elida King and Patricia Beltran to compel further responses to document requests propounded to Windsor and to issue a new order denying the motion.  We conclude that the superior court abused its discretion, and we grant the requested relief.

## I. Background

Windsor operates a skilled nursing facility in Monterey County. King was a patient there from March 21 until September 12, 2011 while she recuperated from head surgery. King was 81 years old and suffered from mild to moderate dementia. At Windsor, she developed urinary tract infections, dehydration, bedsores, and weight loss because of allegedly inadequate care.

Beltran is King's daughter. In 2013, Beltran and King (collectively, plaintiffs) filed suit against Windsor. The operative second amended complaint alleges causes of action for elder abuse and/or neglect (Welf. & Inst. Code, § 15657 et seq.), negligence, negligent infliction of emotional distress, and unfair and fraudulent business practices (Bus. & Prof. Code, § 17200).

Plaintiffs propounded special interrogatories asking Windsor to identify (by "name, middle name, and last name, telephone number(s), addresses, email address, and job title, if any") the "responsible party" and "resident representatives" for each person who was a resident of Windsor between March 1 and September 30, 2011. Windsor served objections on grounds, among others, that the interrogatories were burdensome and oppressive and sought to invade the privacy rights of nonparties to the litigation. Plaintiffs moved to compel further responses. The trial court denied the motion as untimely.

Plaintiffs then served a request for production of documents seeking essentially the same information. Request No. 39 sought "ALL DOCUMENTS which IDENTIFY the RESPONSIBLE PARTY for each person who was a resident of WINDSOR between March 1, 2011 and September 30, 2011 . . . ." Request No. 40 sought "ALL DOCUMENTS which IDENTIFY the RESIDENT REPRESENTATIVES for each person who was a resident of WINDSOR between March 1, 2011 and September 30, 2011 . . . ." A parenthetical after each request stated that "this request does not seek any health care information."

2

Windsor served objections on grounds, among others, that the document requests were burdensome and oppressive and sought to invade the privacy rights of nonparties to the litigation. In a supplemental response served several weeks later, Windsor reiterated its earlier objections and stated that it could not comply with the requests because the only responsive documents in its possession were third-party medical records subject to medical privacy rights and other protections under California and federal law.

Plaintiffs moved to compel further responses to the document requests, arguing that a different trial judge in an unrelated matter had "already decided" the issue, that the identities of persons who may have knowledge of discoverable matter is subject to discovery, and that the responsible parties and resident representatives of other patients at Windsor "may have evidence regarding the conditions of the facility, understaffing, incompetent staff, failure to treat bedsores, failure to follow policies, excessive staff workloads, and failure to provide proper nutrition and hydration." Plaintiffs asserted that such evidence "would prove that [Windsor] had notice and knowledge of such problems and yet failed to address them."

Windsor argued in opposition that the requests sought private medical and financial records of third parties, that federal privacy regulations, state regulations, and California's right to privacy required that the information be kept confidential, and that there was absolutely no evidence that any of the targeted individuals witnessed any events relevant to plaintiffs' claims. Windsor also argued that the request was overbroad and burdensome because the facility housed up to 80 residents at a time with potentially hundreds of thousands of pages of medical and financial documents that would have to be reviewed and redacted. It argued that the targeted individuals had not been given the opportunity to object to the disclosure of their identities and contact information. Windsor also argued that the denial of plaintiff's untimely motion to compel further interrogatory responses barred plaintiffs from seeking the exact same information by a

3

different form of discovery, that plaintiffs' separate statement was inadequate, and that their reliance on a trial court ruling in an unrelated case was improper.

The court heard argument on July 11, 2014. The court granted the motion. The court explained that "the resident representative, the families, the people that visit in the facility, may have seen information that is relevant to the case" and that "the balance here I think is with the Plaintiff and at least trying to determine if there's any information that [a] witness is available." The court limited the response to one document per resident and ruled that Windsor could redact health-related or financial information.

Windsor petitioned for writ relief. Plaintiffs filed a preliminary opposition. On July 30, 2014, we stayed the trial court's July 21, 2014 order granting the motion.

Windsor filed a reply to plaintiff's preliminary opposition. On November 6, 2014, we issued an order to show cause why a peremptory writ should not issue as requested in Windsor's petition. Plaintiffs filed a reply in opposition and Windsor filed a return.

## II. Discussion

### A. Standard of Review

We review discovery orders for abuse of discretion. (*Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 378-381.) Although writ review of discovery rulings is generally disfavored, such review is appropriate when the petitioner seeks extraordinary relief from a discovery order that may undermine a privilege or violate a privacy interest. (E.g., *Babcock v. Superior Court* (1994) 29 Cal.App.4th 721, 725-726; *Raytheon Co. v. Superior Court* (1989) 208 Cal.App.3d 683, 686.) "Writ review is particularly appropriate . . . to protect the confidential records of third persons who are not parties to the underlying litigation . . . , who have had no notice of the ordered disclosure, and who, as a result, have had no opportunity to object." (*Ombudsman Services of Northern California v. Superior Court* (2007) 154 Cal.App.4th 1233, 1241 (*Ombudsman Services*).)

4

**B. Claimed Repetitious Discovery After Denial of Untimely Motion to Compel**

Windsor contends that the trial court abused its discretion by compelling it to produce documents disclosing "the exact same information" that plaintiffs were precluded from obtaining by special interrogatories. We disagree.

Code of Civil Procedure section 2030.300[1] provides that "[u]nless notice of [a motion to compel further responses to interrogatories] is given within 45 days of the service of the verified response, or any supplemental verified response, or on or before any specific later date to which the propounding party and the responding party have agreed in writing, the propounding party waives any right to compel a further response *to the interrogatories*." (§ 2030.300, subd. (c), italics added.) Thus, section 2030.300 precludes a party who fails to meet the statute's time limits from "reset[ting] the clock through the stratagem of asking the same question again" in its next set of interrogatories. (*Professional Career Colleges, Magna Institute, Inc. v. Superior Court* (1989) 207 Cal.App.3d 490, 493-494 (*Professional Career Colleges*).)

But nothing in section 2030.300 precludes a party who misses the deadline for compelling further responses to one form of discovery from attempting to obtain the same information by a different form of discovery. (See *Carter v. Superior Court* (1990) 218 Cal.App.3d 994, 997 (*Carter*).) The petitioners in *Carter* moved to compel further responses to requests for production of documents. (*Id.* at p. 996.) The motion was denied as untimely. "Petitioners then tried to secure the requested documents by another demand for inspection and by a motion to reconsider the first ruling." (*Ibid*.) That motion was also denied. "Next, petitioners noticed the deposition of the custodian of records for [the defendant], requesting that the deponent bring the previously withheld documents." (*Ibid*.) Relying on *Professional Career Colleges*, the trial court granted the

---

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise noted.

defendant's motion for a protective order barring the petitioners from obtaining the documents. (*Carter*, at p. 996.) Petitioners sought writ relief. (*Ibid.*)

The Court of Appeal issued a peremptory writ of mandate. The court noted that former section 2031, subdivision (*I*) "prescribes a waiver of 'any right to compel a further response *to the inspection demand . . . .*' It does not prescribe a waiver of the party's right to use other discovery methods for obtaining the same documents or information." (*Carter*, *supra*, 218 Cal.App.3d at p. 997.) "Nothing in either [former] section 2025 or [former] section 2031 suggests that seeking documents under one statutory procedure bars a litigant from seeking the same documents under the other." (*Ibid.*)

*Carter* is on point here, and the trial court properly followed it. Here as in *Carter*, plaintiffs waived their right to compel further responses to their original discovery demands. Here as in *Carter*, they sought the same information by a different method governed by a different discovery statute. The language of the 1990 statute at issue in *Carter* is substantially similar to the language of the statute at issue here. The 1990 statute at issue in *Carter* provided that unless notice of a motion to compel was given "within 45 days of the service of the response, . . . the demanding party waives any right to compel a further response *to the inspection demand.*" (Former § 2031, subd. (*I*), Stats. 1988, ch. 575, § 2, italics added.) The statute at issue here provides that unless notice of a motion to compel is given "within 45 days of the service of the verified response . . . , the propounding party waives any right to compel a further response *to the interrogatories.*" (§ 2030.300, subd. (c), italics added.) Thus, both statutes provide that failing to timely move to compel waives the right to compel further responses by the same form of discovery. Neither statute bars a litigant from seeking the same information by another form of discovery.

Windsor urges us to reject *Carter*, asserting that the decision is "flawed" and "not well reasoned." We disagree. In our view, *Carter* properly applied the plain language of the statute to the facts at issue.

Further, *Carter* has never been overruled, criticized, or questioned in the 25 years since it was decided. It has repeatedly been cited in treatises and practice guides. (E.g., Cal. Judges Benchbook: Civil Proceedings—Discovery (CJER 2012) § 19.21, p. 315; 2 Witkin, Cal. Evidence (5th ed. 2012) Discovery, § 143, p. 1121.) More importantly, the Legislature has amended the Civil Discovery Act several times since *Carter* was decided in 1990, and it has done so without overruling or modifying the *Carter* court's interpretation of the Act.[2] " 'When a statute has been construed by the courts, and the Legislature thereafter reenacts that statute without changing the interpretation put on that statute by the courts, the Legislature is presumed to have been aware of, and acquiesced in, the courts' construction of that statute. [Citation.]' [Citations.]" (*People v. Ledesma* (1997) 16 Cal.4th 90, 100-101.) We see no reason to reject *Carter.*

Windsor argues that the *Carter* decision encourages delay, provides no incentive for parties to resolve disputes, and "essentially makes the statutory deadline for filing a motion to compel null and void." We cannot agree. Windsor's argument incorrectly assumes that a party who waives the right to compel a response to one form of discovery can readily obtain the same information by another form of discovery. But that is not the case. A few examples make the point. A party who waives the right to compel further responses to interrogatories will not obtain the same information by serving document requests if the responding party has no documents responsive to the request or if the only documents that it has are privileged. A party who waives the right to compel further responses to document requests and/or interrogatories will not obtain the same information in a deposition if it has nothing with which to challenge a recalcitrant or

---

2       See Stats. 1987, ch. 86, § 1 et seq.; *Bonds v. Roy* (1999) 20 Cal.4th 140, 148 [noting that the Legislature passed "certain 'cleanup' amendments" in 1987].) In 2004, the Legislature repealed and reenacted the Act to make it more readable, but the changes were not intended to have any substantive effect on the law of civil discovery. (Stats. 2004, ch. 182, § 61 ["Nothing in this act is intended to substantively change the law of civil discovery"]; *Terry v. SLICO* (2009) 175 Cal.App.4th 352, 356.)

evasive deponent. Windsor has failed to persuade us that the *Carter* decision is "flawed and should not be followed by this Court."

## C. Privacy

Windsor contends that the trial court abused its discretion by compelling the production of confidential third-party information without requiring plaintiffs to show a compelling interest in invading third parties' constitutional rights to privacy and without first requiring plaintiffs to employ less intrusive means of discovery. We agree.

The California Constitution provides that all people have an "inalienable" right to privacy. (Cal. Const., art. I, § 1.) That right "protects the individual's *reasonable* expectation of privacy against a *serious* invasion." (*Pioneer Electronics* (*USA*), *Inc. v. Superior Court* (2007) 40 Cal.4th 360, 370 (*Pioneer Electronics*); *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 36-37 (*Hill*).)

"Privacy concerns are not absolute; they must be balanced against other important interests." (*Hill*, *supra*, 7 Cal.4th at p. 37.) "Invasion of a privacy interest is not a violation of the state constitutional right to privacy if the invasion is justified by a competing interest." (*Id.* at p. 38.) "Thus courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery." (*Vinson v. Superior Court* (1987) 43 Cal.3d 833, 842.) "In determining whether disclosure is required, the court must indulge in a 'careful balancing' of the right of a civil litigant to discover relevant facts, on the one hand, and the right of third parties to maintain reasonable privacy . . . . The court must consider the purpose of the information sought, the effect that disclosure will have on the affected persons and parties, the nature of the objections urged by the party resisting disclosure and availability of alternative, less intrusive means for obtaining the requested information." (*Hooser v. Superior Court* (2000) 84 Cal.App.4th 997, 1004 (*Hooser*).)

8

"'Although the scope of civil discovery is broad, it is not limitless.' [Citation.]" (*Digital Music News LLC v. Superior Court* (2014) 226 Cal.App.4th 216, 224 (*Digital Music*).) "'[W]hen the constitutional right of privacy is involved, the party seeking discovery of private matter must do more than satisfy the section 2017[.010] standard. The party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced.' [Citations.]" (*Digital Music*, at p. 229.) "A discovery proponent may demonstrate compelling need by establishing [that] the discovery sought is directly relevant and essential to the fair resolution of the underlying lawsuit." (*Ibid.*; *Harris v. Superior Court* (1992) 3 Cal.App.4th 661, 665 (*Harris*).)

Here, the medical records of Windsor's nonparty residents are protected by California's constitutional right to privacy. (*Hill*, *supra*, 7 Cal.4th at p. 40; *Board of Medical Quality Assurance v. Gherardini* (1979) 93 Cal.App.3d 669, 678-679.) This includes the contact information for each nonparty resident's responsible party and resident representative contained within those records. (E.g., *Life Technologies Corp. v. Superior Court* (2011) 197 Cal.App.4th 640, 653-654 [identities/contact information for nonparty employees and former employees of defendant corporation]; *Hooser*, *supra*, 84 Cal.App.4th at p. 1004 [identities/contact information for clients of judgment debtor attorney]; *Planned Parenthood*, *supra*, 83 Cal.App.4th at p. 367 ["in this case the non-parties have a very strong privacy interest in avoiding disclosure of their residential addresses and telephone numbers . . . ."].) Thus, plaintiffs had the burden of showing that the nonparty contact information they sought to discover was "directly relevant" to their claims about Windsor's allegedly negligent care of King. (*Harris*, *supra*, 3 Cal.App.4th at p. 665.)

Plaintiffs made no such showing here. The declaration of plaintiffs' counsel in support of their motion to compel says nothing at all on the subject. Windsor's counsel argued at the hearing on the motion that there had been "no showing whatsoever that any

9

of these people have any information that's relevant to this case." Even then, plaintiff's counsel's only response was that "[w]e're just looking for the names of people who may be witnesses . . . ."

There is no evidence in the record that any responsible party or resident representative of the other Windsor residents ever visited the nursing home. There is no evidence that any other Windsor resident or any responsible party or resident representative of the other Windsor residents ever complained about the nursing home. There is no evidence that any of these individuals had any interaction with King. The assertion in plaintiffs' memorandum of points and authorities that the responsible parties and resident representatives of the nonparty residents "may have evidence" is speculation. Such speculation is insufficient to establish that the nonparty contact information plaintiffs sought to discover was "directly relevant" to their claims about Windsor's allegedly negligent care of King. (*Ombudsman Services*, *supra*, (2007) 154 Cal.App.4th at p. 1251; *Hooser*, *supra*, 84 Cal.App.4th at p. 1007.) It follows that the trial court abused its discretion in ordering Windsor to disclose the information. (*Ombudsman Services*, at pp. 1251-1252; *Hooser*, at p. 1009.) The order granting plaintiffs' motion to compel cannot stand.

Plaintiffs' reliance on *Ex parte Coosa Valley Health Care, Inc.* (2000) 789 So.2d 208 (*Coosa Valley*) is misplaced. Although the facts alleged in that case are similar to those alleged here, the holding of the case sheds no light on the issue presented here. In *Coosa Valley*, the Alabama Supreme Court held that the trial court properly compelled the defendant nursing home to produce a list of its *employees*, because that "would be a reasonable way for [the plaintiff] to investigate and prove his claims of negligence, wantonness, willfulness, and/or breach of a contractual duty by Coosa Valley to provide adequate hiring, training, staffing, etc. of its personnel." (*Coosa Valley*, at p. 219.) The case says nothing about the disclosure of contact information for nonparty residents and their nonparty relatives and friends. It does not address medical privacy rights or the

10

privacy rights of nonparties to the litigation.  Contrary to plaintiffs' assertion, *Coosa Valley* is not "directly on point."

### III.  Disposition

Let a peremptory writ of mandate issue directing the superior court to vacate its July 21, 2014 "Order After Hearing Granting Plaintiffs' Motion to Compel Further Responses to Request for Production of Documents, Set Two" and to enter a new order denying the motion.  The stay issued on July 30, 2014 is dissolved.  Costs are awarded to Windsor as the prevailing party in this original proceeding.  (Cal. Rules of Court, rule 8.493.)

_____
Mihara, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.



_____
Márquez, J.

12