[Civ. No. 30689. Fourth Dist., Div. Three. Sept. 30, 1983.]

VIDAL SASSOON INC., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ADRIENNE HALPERN, Real Party in Interest.

COUNSEL

Bonelli, Heib, Fuchs & O'Neal and Steven M. O'Neal for Petitioner.

No appearance for Respondent.

Janice E. Gervase for Real Party in Interest.

OPINION

TROTTER, P. J.—

### FACTS

Petitioner Vidal Sassoon, Inc. (Sassoon), defendant below, requests relief from an order compelling it to answer interrogatories and imposing sanctions.

Real party in interest Adrienne Halpern, plaintiff below, brought suit against Sassoon for injuries allegedly caused by her use of Vidal Sassoon shampoo and finishing rinse. Her counsel served interrogatories on Sassoon on January 12, 1983. Receiving no responses, counsel called Sassoon several times and was informed the interrogatories had been sent to New York on February 28 and from New York had been forwarded to Sassoon's Century City counsel for answers.

Court-ordered arbitration was set for March 21, 1983, which defendant refused to continue. When no answers were forthcoming by March 17, plaintiff made ex parte application for an order shortening time to bring a motion to continue the arbitration date and to compel answers. While at court on March 17, plaintiff's counsel was served with responses to the interrogatories; the court then continued the arbitration, but denied the application shortening time for the motion to compel. The responses consisted of two answers and objections to all other questions.

On March 28, plaintiff's counsel wrote Sassoon's attorney threatening a motion to compel if no satisfactory response was made. On April 5, defense counsel answered and explained he did not know the type of shampoo and rinse allegedly involved and complained the questions were compound (all interrogatories were directed to "shampoo *and* rinse"). He also expressed his desire to resolve the matter without a court appearance. In response, plaintiff's counsel called him several times and he returned her calls, but

no contact was made. Finally, on April 26, plaintiff's counsel wrote to the defendant's lawyer indicating the type of shampoo and rinse involved and explained the need for compound questions. She further indicated a motion to compel further answers would be made if answers were not received by May 3, 1983. No additional answers were sent.

On May 10, a "Motion to Compel Interrogatory Answers; For Attorneys' Fees and Sanctions," was filed, to be heard on May 31. Defendant opposed the motion as untimely under Code of Civil Procedure section 2030;[1] however, the court ordered it to answer fully within 20 days, without objection, and imposed sanctions of $350.00. We issued the alternative writ and now must grant permanent relief.

### DISCUSSION

Section 2030 provides that once answers and objections have been filed, a motion to compel further responses must be filed within 30 days after receipt of the answers or the right to compel is waived. This statute is mandatory and the court may not entertain a belated motion to compel. (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 788 [149 Cal.Rptr. 499]; *Karz* v. *Karl* (1982) 137 Cal.App.3d 637, 646 [187 Cal.Rptr. 183].)

Plaintiff argues that attempted compliance with rule 222.1[2] should either toll the section 2030 time or at least estop the defendant from raising it. We are sympathetic to plaintiff's plight; defendant was not only late in filing responses to the interrogatories, but also refused to continue a pending arbitration hearing attempting to force plaintiff to proceed without the benefit of proper discovery. Without leave of court, defendant improperly objected to interrogatories after the time for objection had expired, and once plaintiff's time to compel further answers commenced defendant frustrated

---

[1]Unless otherwise stated, all statutory references are to the Code of Civil Procedure.

Section 2030 provides in pertinent part: "a) . . . If the party who has submitted the interrogatories deems that further response is required, he may move the court for an order requiring further response. Such motion must be upon notice given within 30 days from date of service of the answers or objections unless the court, on motion and notice, and for good cause shown, enlarges the time. Otherwise, the party submitting the interrogatories shall be deemed to have waived the right to compel answer pursuant to this section."

[2]Unless otherwise stated, all rule references are to the California Rules of Court.

Rule 222.1 states: "A motion to compel answers or further answers to interrogatories or requests for admissions or to protect the responding party shall include a declaration stating facts to show that prior to the filing thereof counsel for the moving party made a reasonable attempt to resolve the objections and disputed issues with opposing counsel but the attempt was unsuccessful. If the court finds that there was no good reason for the refusal or failure to resolve the matter, it may order any persons at fault to pay to the moving party the amount of reasonable expenses incurred in making the motion including reasonable attorney's fees."

her attempts to comply with rule 222.1. Although we disapprove of defendant's tactics and empathize with plaintiff's situation, we must, however, issue the relief defendant seeks.

Acceptance of plaintiff's argument would render rule 222.1 partially inconsistent with section 2030 and to that extent invalid as exceeding the Judicial Council's power to make rules for court practice and procedure "not inconsistent with statute." (See, e.g., *Leach* v. *Superior Court* (1980) 111 Cal.App.3d 902, 905 [169 Cal.Rptr. 42].) We decline to do so.

We recognize the inherent dilemma facing a party who in good faith complies with rule 222.1 and thus effectively reduces the section 2030 time to bring a motion (since compliance with rule 222.1 is a prerequisite to a section 2030 motion). However, section 2030 does allow the court "for good cause shown" the discretion to "enlarge[s] the time," thus, allowing a party to fully explore rule 222.1 solutions while leaving the court in control of time requirements. Were it not so, we would on a case-by-case basis have to determine when a party had fully complied with and exhausted its rule 222.1 obligations. We refuse to sanction such a plan, for it would lead to chaos.

Plaintiff next argues that her motion to compel further answers was brought pursuant to section 2034 as well, which sets no time limit for the bringing of such a motion.[3]

As stated in *Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d at pp. 786-787, "When *no* answers or objections are filed, a motion under section 2034, subdivision (d), is appropriate. [Citations; fn. omitted.] [¶] Conversely, where answers and objections are on file, and the party desires a further

---

[3]Section 2034 provides in pertinent part: "(a) If a party or other deponent refuses or fails to answer any question propounded upon examination during the taking of a deposition, or refuses or fails to produce at a deposition any books, documents or other things under his control pursuant to a subpoena duces tecum, the examination shall be completed on other matters or adjourned, as the proponent of the question may prefer. The proponent, on notice to all persons affected thereby, may move the court in which the action is pending (if the deponent is a party or otherwise subject to the jurisdiction of such court), or if the court does not have jurisdiction over the deponent, to the superior court of the county in which the deposition is taken for an order compelling an answer or if good cause is shown, the production of the book, document, or other thing. The motion may also be made, without further notice, if the proponent notifies the refusing party or other deponent at the time of refusal or failure that the proponent will apply to the court for an order pursuant to this subdivision of this section, at a specified time *not less than 10 nor more than 30 days from the date of such refusal or failure,* in which event the officer before whom the deposition is taken shall direct the refusing or failing party or other deponent to attend a session of said court at said time. . . . Upon the refusal or failure of a party to answer any interrogatory submitted under Section 2030, the proponent of the question may on like notice make like application for such an order." (Italics added.)

response, he must make a timely notion to compel further answers. [Citations; fn. omitted.]"

Under either code section a "timely" motion to compel must be made "within 30 days" if pursuant to Code of Civil Procedure section 2030 and "not less than ten nor more than thirty days" if pursuant to Code of Civil Procedure section 2034. Here plaintiff fails either test; the motion was brought 54 days after receipt of defendant's responses. Furthermore, section 2034, subdivision (d)[4] is not applicable since defendant did file answers as well as objections to the interrogatories.

We hold the time limitations set forth in section 2030 and section 2034, subdivision (a) to be mandatory and since not met, the trial court's order is in excess of its jurisdiction. (*Karz* v. *Karl, supra,* 137 Cal.App.3d 637, 646; see *O'Brien* v. *Superior Court* (1965) 233 Cal.App.2d 388, 391-392 [43 Cal.Rptr. 815] and *Deyo* v. *Kilbourne, supra,* 84 Cal.App.3d 771, 789.)

A writ of mandate shall issue directing the trial court to strike its order compelling defendant to further answer interrogatories and imposing sanctions and enter a new and different order denying in its entirety plaintiff's motion. The alternative writ is discharged.

Crosby, J., and Sonenshine, J., concurred.

---

[4]Section 2034, subdivision (d) provides in part: "If a party . . . willfully fails to serve answers to interrogatories submitted under Section 2030, after proper service of the interrogatories, the court on motion and notice . . . may order that party or his attorney to pay to the moving party the reasonable expenses in making the motion, including reasonable attorney's fees."