[No. E006221. Fourth Dist., Div. Two. Jan. 25, 1989.]

PROFESSIONAL CAREER COLLEGES, MAGNA INSTITUTE, INC., Petitioner, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
LARRY STEWART, Real Party in Interest.

COUNSEL

Gregory A. Swajian for Petitioner.

No appearance for Respondent.

Ron W. Alcorn for Real Party in Interest.

OPINION

**McDANIEL, Acting P. J.**—This case presents an issue of first impression under the Civil Discovery Act of 1986, Code of Civil Procedure section 2016 et seq.[1] Because we determine that the procedure employed by plaintiff must be considered an impermissible attempt to circumvent the plain provisions of section 2030, subdivision (*l*), it was error for the trial court to grant plaintiff's motion to compel further responses to interrogatories. Accordingly, we will issue a peremptory writ as prayed.

---

[1] All further references are to the Code of Civil Procedure.

Although no copy of the complaint has been made part of the record, it appears from the papers filed in support of plaintiff's motion in the trial court that he was a former student at petitioner Professional Career Colleges (PCC). He had become dissatisfied with the training and courses provided in the "private security" curriculum and filed this action in which he alleges at least causes of action based on fraud and breach of contract. Among his contentions is one that instructors failed to provide sufficient hours of class time to enable him to qualify for a state certificate, and that instructors were frequently absent from scheduled classes.

Plaintiff served a first set of interrogatories on defendant PCC on May 25, 1988. Included as Interrogatory Number 10 was a demand that PCC state the present or last known address of each student who was enrolled in the private security certificate program in the period between July 27, 1987, and October 10, 1987. On July 14, 1988, PCC served its responses, in which it objected to Number 10 on the basis that it was irrelevant, interfered with the "attorney work privilege" and invaded the privacy of the students.

Plaintiff made no motion to compel further response, although on August 26, 1988, counsel apparently wrote to PCC's attorney to express the opinion that the objections were not well taken. We note that this letter came 43 days after PCC served its objections; in his motion to compel, plaintiff did not indicate what response, if any, had been made.

On September 1, 1988, plaintiff served a second set of interrogatories on PCC. Although most of the questions were new, the question set out as Number 10 of the first set reappeared as Number 14 of second set. The sole change was that it now sought the name, as well as the address, of each student, and specified that the persons about whom information was sought had been enrolled in the private security program "at Professional Career Colleges." Plaintiff has not contended that these changes were significant; it is evident that the first question, although it asked only for addresses, would necessarily have elicited names as well. The parties both argued on the assumption that the second interrogatory was for all intents and purposes the same as the first.

When PCC objected that Number 14 was the same as Number 10 of the first set, plaintiff finally filed and served a motion to compel further answers pursuant Code of Civil Procedure section 2030, subdivision (*l*). It is agreed that the motion was timely if it related to the second set of interrogatories.

In *Vidal Sassoon, Inc.* v. *Superior Court* (1983) 147 Cal.App.3d 681 [195 Cal.Rptr. 295], the court held that the provisions of the then-governing

statute, section 2030, subdivision (a), were mandatory and jurisdictional, and that the court had no power to make an order compelling further answers where the propounding party failed to serve his motion within the statutory time. It reached this result over respondent's argument that the time limit should have been considered tolled while efforts were made to informally resolve the matter under former California Rules of Court, rule 222.1. The present section 2030, subdivision (*l*) essentially codifies this rule, although without the jurisdictional language.

However, neither the statute nor any reported case disclosed by our research answers the question presented here. That is, where a party has clearly failed to meet the time limits, may he reset the clock through the stratagem of asking the same question again?

We begin by noting the well-established rule that, in construing a statute, the task of the court is to ascertain the legislative intent so as to effectuate the purposes of the law. (*Walters* v. *Weed* (1988) 45 Cal.3d 1, 9 [246 Cal.Rptr. 5, 752 P.2d 443]; *Moore* v. *Panish* (1982) 32 Cal.3d 535, 541 [186 Cal.Rptr. 475, 652 P.2d 32].) Where language is susceptible of two meanings, the one leading to mischief or absurdity is to be avoided, and the meaning according to justice and common sense adopted. (*Lampley* v. *Alvares* (1975) 50 Cal.App.3d 124, 128 [123 Cal.Rptr. 181].)

Guided by the above principles, plaintiff's ploy cannot succeed.

The Civil Discovery Act of 1986 made sweeping changes in the methods by which the parties to a lawsuit may obtain formal discovery. Most notably, it imposed severe restrictions on the use of written interrogatories by limiting the number of questions which could be asked. (See § 2030, subd. (c).) Provisions with respect to sanctions were redrafted with the effect that a refusal to comply with a discovery request, or an unsuccessful motion to compel further response, is subject to mandatory sanctions unless the court specifically finds that the refusal or motion was either substantially justified or excused by other equitable considerations. (See § 2030, subd. (k) (interrogatories); § 2025, subd. (g) (depositions); § 2031, subd. (e) (requests to produce).) In some cases, the party seeking to compel discovery must show that he has made an effort to resolve the dispute out of court. (See, e.g., § 2025, subd. (n).)

This pattern of restrictions, sanctions, and the attempt to force cooperation clearly evinces the legislative intent that discovery proceed not only smoothly, but swiftly as well. Indeed, this goal has been expressly stated

with reference to the civil justice system as a whole in the Trial Court Delay Reduction Act of 1986, Government Code section 68600 et seq.

In the context of this case it would be an absurdity to say that a party who fails to meet the time limits of section 2030 may avoid the consequences of his delay and lack of diligence by propounding the same question again. Such a construction of the statute would obviously encourage delay and provide no incentive to attempt to resolve any dispute with the opposing party. The Legislature has explicitly stated that unless a party moves to compel further response within 45 days of the unsatisfactory response, he waives *any* right to compel a further response. We hold that this means what it says; plaintiff's motion was therefore untimely.

Because we determine the motion to have been untimely, it is unnecessary for us to discuss PCC's alternative argument that the interrogatory was an impermissible invasion of the students' privacy.

We notified the parties that a peremptory writ might issue, and invited plaintiff's response. The facts are clear and additional briefing would add nothing to the presentation before us; accordingly, we elect to grant relief by peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners* (1984) 36 Cal.3d 171, 178 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue, directing respondent court to set aside and vacate its order dated December 6, 1988, granting plaintiff's motion to compel a further response, and to enter a new order denying such motion.

Dabney, J., and Hollenhorst, J., concurred.