[No. B109100. Second Dist., Div. Four. Nov. 5, 1997.]

DONALD SEXTON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MULLIKIN MEDICAL CENTER, Real Party in Interest.

**COUNSEL**

James Allen for Petitioner.

No appearance for Respondent.

O'Flaherty & Belgum, Robert M. Dato and Brian P. Barrow for Real Party in Interest.

**OPINION**

**VOGEL (C. S.), P. J.**—The petitioner raises the question of whether a trial court must either deny or dismiss a late-filed motion to compel the production of documents pursuant to Code of Civil Procedure section 2031, subdivision (*l*) when the responding party failed to raise that objection in its written opposition, but did raise it orally at the hearing on the motion.[1] We conclude that the statutory 45-day limitation imposed by section 2031, subdivision (*l*) is mandatory. Accordingly, the trial court was required to deny the motion.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

## Factual and Procedural Background

Petitioner, Donald Sexton, sued for negligence the Mullikin Medical Center, the real party in interest. Mullikin answered and commenced discovery proceedings on September 9, 1996, by personally serving by hand delivery a demand for the production of documents pursuant to section 2031. The demand was for 20 all-inclusive categories of documents relating to petitioner's claim. The petitioner served his responses on September 27, 1996, objecting to 16 of the demands. By an exchange of letters on October 15, 1996, and October 17, 1996, the parties attempted to resolve their dispute over the objections, but to no avail. Mullikin did not request an extension of time within which to file a motion to compel and none was granted.

On December 2, 1996, Mullikin served and filed a motion to compel compliance with its demand for production of documents. On January 10, 1997, petitioner filed opposition to the motion to compel and Mullikin filed its reply. Petitioner's written opposition to the motion addressed the substantive merits of the objections, but did not in any way raise the issue of the timeliness of the motion even though it was filed well beyond the 45-day time line provided for by section 2031, subdivision (*l*).

The motion was heard on January 17, 1997. Immediately after counsel stated their appearances, counsel for petitioner informed the court: "Your Honor, the motion filed by the defendant is late, and it's beyond the court's jurisdiction, I believe, to grant the motion under Subdivision L." The trial court observed that the point was not raised in petitioner's written opposition: "Well, I'm not going to go through every date and every discovery case. If you would have brought that up in your opposition papers, I would have taken care of it right there, and you know, it's [*sic*] this case is an undue consumption of time. I'm trying to save everybody money not referencing it. Nobody wants to go out to referencing. So I'm going to let it stand, and you can take a writ on it, and maybe the court of appeals [*sic*] will say that it's right that a [*sic*] jurisdiction could be brought up at any time." The court then invited counsel to submit names with a view to ordering a discovery reference pursuant to section 639, subdivision (e). The hearing concluded without a definitive ruling. However, it is clear from the record that the trial court did not and would not deny or dismiss the motion on the ground that it was not timely filed. Petitioner, following the advice of the trial court, "took [this] writ."

## Discussion

The evolution of the case law on motions to compel has emerged primarily in the context of discovery by interrogatories. Therefore, it is instructive

to examine the relevant development of the statutory and case law pertaining to motions to compel further answers to interrogatories in order to make comparisons with the current law and apply the resulting analysis to motions to compel the production of documents.

## I

### THE CURRENT LAW

The Civil Discovery Act of 1986 made substantial changes to the discovery law employed in the conduct of civil litigation. Many procedures were standardized to provide uniformity wherever it was feasible to do so, regardless of the method of discovery implemented. Pertinent to the issue before us, sections 2030, subdivision (*l*) (interrogatories) and 2031, subdivision (*l*) (production of documents), provide the same mechanism and time line for motions to compel responses. In each instance, when the party propounding discovery deems that the party to whom discovery is directed fails to comply, the propounding party may move to compel and must do so, if at all, within 45 days of the service of the response. Both sections now provide: "Unless notice of this motion is given within 45 days of the service of the response, or any supplemental response, or on or before any specific later date to which the [propounding/demanding] party and the responding party have agreed in writing, the [propounding/demanding] party waives any right to compel a further response . . . ." (§§ 2030, subd. (*l*) and 2031, subd. (*l*).)

## II

### THE PRE-1986 LAW

Prior to 1986, the procedure to compel a party to respond to interrogatories or requests for the production of documents was substantially different from the current provisions of the discovery law. Before 1986, a motion to compel further responses to interrogatories required that the propounding party ". . . move the court for an order . . . within 45 days from the date of service of the answers or objections *unless the court, on motion and notice, and for good cause shown, enlarges the time.* Otherwise, the party submitting the interrogatories shall be deemed to have waived the right to compel answer pursuant to this section." (§ 2030, subd. (a), as amended by Stats. 1983, ch. 141, § 1, p. 328, italics added.) With respect to a demand for the identification and production of documents, the pre-1986 amendments to the code provided: "The party submitting the [section 2031] request may move for an order for compliance under subdivision (a) of Section 2034 with respect to any objection to or failure to respond to the request or any part

thereof, or to any failure to permit inspection as requested." (Stats. 1980, ch. 23, § 1, p. 74.)

Former section 2034 provided a general scheme to enforce various methods of discovery by affording the party initiating it to compel compliance by moving for an order to compel answers, admissions, or production. Section 2034 provided for limiting the time for initiating a motion to compel responses from a deponent where a deposition was recessed and continued to a date certain, in which case the motion had to be made "not less than 10 nor more than 30 days from the date" the witness objected or refused to respond to the question. (§ 2034, subd. (a).) With respect to interrogatories, section 2034 provided that, "Upon the refusal or failure of a party to answer any interrogatory submitted under Section 2030, the proponent of the question may on *like notice make like application* for such an order." (Italics added.) Enforcement by a motion to compel as to any other discovery procedure also required a motion on *like notice*. Thus, section 2034 imposed a no "more than 30 day[]" time line for motions to compel further responses to interrogatories and requests to produce.[2]

In *Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771 [149 Cal.Rptr. 499], the court held that a motion to compel further answers must be made within the time limit imposed by former section 2030, subdivision (a) ("This statute is mandatory and a court may not entertain a belated motion to compel. [Citation.]."). (84 Cal.App.3d at p. 788.) *Karz* v. *Karl* (1982) 137 Cal.App.3d 637 [187 Cal.Rptr. 183] involved an appeal that also raised the issue of whether a motion to compel further answers to interrogatories was timely filed. There, the respondent contended that the motion was late because it was not filed within the mandated 30 days. Former section 2030 provided that a motion to compel ". . . must be upon notice given within 30 days from date of service of the answers or objections unless the court, on motion and notice, and for good cause shown, enlarges that time. Otherwise, the party submitting the interrogatories shall be deemed to have waived the right to compel answer pursuant to this section."[3] The court analyzed section 2030 and concluded that there was no time limit for *filing* the motion, but only one for the time within which a notice of motion may be given. Thus applying former section 1013, which allowed for a five-day extension to the time within which the motion must be made, the court found that the motion to compel was timely.

[2]Section 2034 was repealed in 1986 and all provisions for the enforcement of the various permitted forms of discovery are now self-contained within the specific code section which provides for each of them. (Stats. 1986, ch. 1334, § 1, p. 4700, eff. July 1, 1987.)

[3]Prior to 1978, section 2030 provided that motions to compel must be made within 30 days from the service of the responses. (Stats. 1977, ch. 500, § 1, pp. 1627-1631.)

The *Karz* court rejected the holding of *Deyo* v. *Kilbourne, supra*, 84 Cal.App.3d 771, that the 30 days for *filing* was mandatory on the ground that the use of the term *"filing"* was imprecise and could not be the holding of the case because *Deyo* did not even involve an issue of timeliness of a motion to compel. (*Karz* v. *Karl, supra*, 137 Cal.App.3d at p. 647.) Thus, the *Karz* court temporarily placed the rule of *Deyo* in doubt.

In *Vidal Sassoon, Inc.* v. *Superior Court* (1983) 147 Cal.App.3d 681 [195 Cal.Rptr. 295], the plaintiff sued the defendant for injuries allegedly caused by her use of shampoo and finishing rinse manufactured by Vidal Sassoon. On January 12, 1983, she served the defendant with interrogatories. After an unproductive exchange of communications extending into April, the defendant answered with the explanation that it did not know what kind of shampoo and rinse was allegedly involved and objected that the questions were compound. Further efforts were made by the plaintiff to resolve this discovery stalemate. On April 26, 1983, plaintiff's counsel wrote to defendant's counsel that she would move to compel unless answers were received by May 3, 1983. On May 10, 1983, plaintiff filed her motion to compel. The defendant opposed the motion on the ground that it was not timely, having been noticed and filed more than 30 days after defendant's responses were served. The trial court granted the motion and the defendant petitioned for an extraordinary writ. The Court of Appeal held that the time limitation for filing a motion to compel responses to interrogatories is mandatory whether governed by section 2030 or section 2034, subdivision (a). Because the motion to compel was not timely, the court held that the trial court's order granting the motion was in excess of its jurisdiction, citing *Karz* v. *Karl, supra*, 137 Cal.App.3d 637, 646, and *Deyo* v. *Kilbourne, supra*, 84 Cal.App.3d 771, 789.

## III

### THE POST-1986 LAW

*Professional Career Colleges, Magna Institute, Inc.* v. *Superior Court* (1989) 207 Cal.App.3d 490 [255 Cal.Rptr. 5] applied the Civil Discovery Act of 1986. There, a plaintiff served the defendant with a first set of interrogatories on May 25, 1988. The defendant objected to one of the interrogatories, No. 10. Plaintiff made no motion to compel further answers to interrogatory No. 10, but 43 days after receiving the response, the plaintiff's counsel wrote to defendant's counsel expressing the view that the objections were not well taken. On September 1, 1988, the plaintiff served a second set of interrogatories, one of which, No. 14, was for all intents and purposes the same as No. 10. The defendant objected to No. 14, and plaintiff

filed a motion to compel. It was agreed that, if the motion pertained to the second set, it was made within the 45-day limitation of section 2030, but, if in reality, the motion was simply a circumvention to overcome the failure to move to compel responses to the first set of interrogatories, the motion was not timely. The court found that "it would be an absurdity to say that a party who fails to meet the time limits of section 2030 may avoid the consequences of his delay and lack of diligence by propounding the same question again." (207 Cal.App.3d at p. 494.) The court further held that "[t]he present section 2030, subdivision (*l*) essentially codifies [the rule of *Vidal Sassoon, Inc.* v. *Superior Court, supra,* 147 Cal.App.3d 681] although without the jurisdictional language." (207 Cal.App.3d at p. 493.) It concluded the 45-day time limitation was mandatory and jurisdictional (*id.* at pp. 492-493) and that "[t]he Legislature has explicitly stated that unless a party moves to compel further response within 45 days of the unsatisfactory response, he waives *any* right to compel a further response. We hold that this means what it says; plaintiff's motion was therefore untimely." (*Id.* at p. 494, original italics.)

We find it significant the 1986 amendments of sections 2030, subdivision (*l*) and 2031, subdivision (*l*) did not include the earlier provision of section 2030 subdivision (a) allowing the court on motion and for good cause to extend the time for making a motion to compel further answers to interrogatories. The elimination of the pre-1986 law which gave authority to extend the time for making a motion to compel further answers indicates an intention by the Legislature not to vest any authority in the court to permit discovery that is not timely made. The language of sections 2030, subdivision (*l*) and 2031, subdivision (*l*) could not be clearer: "Unless notice of this motion is given within 45 days of the service of the response, or any supplemental response, or on or before any specific later date to which the [propounding/demanding] party and the responding party have agreed in writing, the [propounding/demanding] party waives any right to compel a further response to the inspection demand [or the interrogatories]."

It is also significant that both provisions are identical in their operative parts as relevant to the time for making a motion to compel. Again, the analysis of the *Professional Career Colleges* court is instructive: "This pattern [of the 1986 amendments] of restrictions, sanctions, and the attempt to force cooperation clearly evinces the legislative intent that discovery proceed not only smoothly, but swiftly as well. Indeed, this goal has been expressly stated with reference to the civil justice system as a whole in the Trial Court Delay Reduction Act of 1986, Government Code section 68600 et seq." (*Professional Career Colleges, Magna Institute, Inc.* v. *Superior Court, supra,* 207 Cal.App.3d at pp. 493-494.) ▮ Given the symmetry of sections 2030, subdivision (*l*) and 2031, subdivision (*l*), we conclude that

the time within which to make a motion to compel production of documents is mandatory and jurisdictional just as it is for motions to compel further answers to interrogatories.

We agree with the qualification expressed in *Standon Co.* v. *Superior Court* (1990) 225 Cal.App.3d 898 [275 Cal.Rptr. 833] regarding the qualified "jurisdictional" nature of the time line limitation of section 2031, subdivision (*l*): "Failure to [timely move to compel] within the specified period constitutes a waiver of any right to compel a further response; indeed, similar provisions have been held at least *quasi-jurisdictional.* (*Lincolnshire Condominium Ltd.* v. *Superior Court* (1984) 158 Cal.App.3d 524 . . . ; cf. *Vidal Sassoon, Inc.* v. *Superior Court*[, *supra*, ] 147 Cal.App.3d 681. . . .)" (225 Cal.App.3d at p. 902, italics added.) We do not believe the 45-day limitation is "jurisdictional" in the fundamental sense, but is only "jurisdictional" in the sense that it renders the court without authority to rule on motions to compel other than to deny them.[4]

## IV

### CIVIL LAW AND MOTION RULE 9.15

Mullikin contends that Sexton's failure to file written opposition on the ground of timeliness creates an inference that the motion is meritorious, relying on Los Angeles County Superior Court Rules, rule 9.15. In pertinent part rule 9.15 provides: "A party who has not timely filed written opposition to a motion or demurrer may not be afforded an opportunity to offer oral argument at the hearing. The failure to file opposition creates an inference that the motion or demurrer is meritorious. In such cases, the court may hear argument limited to a request for a continuance of the hearing in order to afford an opportunity for written opposition." Sexton's omission from his written opposition of the time limitation for filing a motion to compel did not preclude an objection on the ground that the motion was not filed within the 45-day time line mandated by statute.

Arguably, the rule seems to apply only when a party has not filed any written opposition. But, even assuming it applies to opposition based on authorities not cited in opposing papers, the rule is patently intended to prevent the introduction of legal theories without prior notice to opposing counsel and the court. Here, Sexton's stated objection is predicated on the mandatory provision of section 2031 and is not susceptible to debate. No further briefing or argument is necessary to resolve this issue because there

---

[4]Arguably, if petitioner had not raised the objection as he did and allowed the hearing to go forward to see how the ruling came out, he might be estopped, but we are not confronted by that circumstance and do not decide the issue.

is no dispute about when Sexton filed his responses to the request for production and nothing more than simple arithmetic is required to determine the timeliness of the motion. Also, section 2031, subdivision (*l*) provides that, if the demanding party does not make the motion within 45 days, "[he] waives any right to compel a further response to the inspection demand." It is only rational that the burden not shift to the responding party to show that the motion is untimely, but, logically, falls on the moving party who has the obligation to file within the time prescribed by law.

If we applied Los Angeles County Superior Court Rules, rule 9.15 as Mullikin proposes, it would effectively nullify the time limitation of section 2031, subdivision (*l*) and would be inconsistent with statutory law and would, therefore, be void. (Gov. Code, § 68070; see also *Wells Fargo Bank v. Superior Court* (1988) 206 Cal.App.3d 918, 923 [254 Cal.Rptr. 68] [a local rule effectively requiring motions for summary judgment to be filed within six months prior to the date of trial is void and unenforceable because it is inconsistent with section 437c].) Because we reject Mullikin's proposed application of rule 9.15, it is neither relevant nor controlling to the issue presented here.

### DISPOSITION

Let the alternative writ of mandate issue compelling respondent court to deny as untimely real party's motion to compel filed on December 2, 1996. Petitioner to recover costs.

Hastings, J., concurred.

**EPSTEIN, J.**—I concur in the judgment, and I agree with the reasoning of the opinion except for part IV of the discussion. It is clear to me that the trial court's rule 9.15 (Super. Ct. L. A. County Rules, rule 9.15) does not apply to the facts under review since the petitioner did file opposition to the motion to compel. I would not reach the validity issue of a hypothetical local rule that required all timeliness objections to a Code of Civil Procedure section 2031 to be raised by written response. I would, instead, confine our opinion to the issue before us. Doing so, I would, and do, conclude that the trial court was without authority to compel further response to the request for production.