Filed 7/15/22 Howard v. Mills CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| CAROL ANN HOWARD, | D079478 |
| Plaintiff and Appellant, | |
| v. | |
| ANDREW MILLS et al., | (Super. Ct. No. 37-2014-00030194-PR-TR-CTL) |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey S. Bostwick, Judge. Affirmed.

Law Firm of Steven M. Green and Steven M. Green for Plaintiff and Appellant.

Albence & Associates, Christopher J. Albence and Keeley C. Luhnow for Defendants and Respondents.

Andrew Mills's original estate planning documents designated his stepdaughter, appellant Carol Ann Howard, as the successor trustee and primary beneficiary of his trust.[1] After he began suffering from dementia,

---

[1] We will hereafter refer to interested parties by first name only.

Andrew later modified his estate planning documents to designate his nieces, Debbie and Carolyn, as successor trustees and beneficiaries.

In a different lawsuit, Carol sued Debbie and Carolyn for fraudulently and unduly influencing Andrew to modify his estate plan. The parties settled the fraud lawsuit, culminating in court orders confirming that the original estate planning documents remain in effect, Carol is the successor trustee and beneficiary, and the later estate planning documents are void.

In this lawsuit, Carol filed a petition once again seeking an order confirming that the original estate planning documents remain in effect, she is the successor trustee and beneficiary, and the later estate planning documents are void. She explained in the petition that she needed this relief to establish her standing as trustee to pursue a malpractice lawsuit against attorneys who represented Andrew in other matters. The trial court, viewing the requested relief as duplicative, unnecessary, and having the potential to interfere with other pending lawsuits, denied Carol's petition.

Carol contends the trial court erred in denying her petition. For reasons we will explain, we disagree and affirm the order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Petition

In July 2020, Carol filed a petition in this case under Probate Code section 17200[2] seeking an order clarifying the parties' rights under Andrew's estate planning documents.[3] We summarize Carol's allegations as follows.

---

[2]    Further statutory references are to the Probate Code unless otherwise indicated.

[3]    This case originated in 2014, but it is unclear from the appellate record what transpired between then and when Carol filed the petition in 2020.

## 1. Interested Parties and Estate Planning Documents

Andrew married Carol's mother in 1950 when Carol was three years old. Andrew raised Carol as his daughter, and helped her when she became a single mother with the raising of her daughter, Staci. Carol's mother died in 2006.

Carolyn and Debbie are Andrew's nieces.

On October 18, 2007, Andrew executed the following estate planning documents: (1) a last will and testament, which named Carol the executor; (2) a revocable trust (the Trust), which held title to Andrew's main asset (a condominium unit) and which designated Andrew the original trustee, and Carol the successor trustee and primary beneficiary; (3) a power of attorney designating Carol his attorney in fact; and (4) an advanced health care directive designating Carol his agent.

On June 1, 2011, Andrew executed a First Amendment to the Trust (the First Amendment), which added Staci as an equal one-half beneficiary with Carol.

In March 2014, Andrew was diagnosed with dementia and moved into a memory care facility.

Later in 2014, Andrew revised his estate planning documents. According to Carol, after a 30-year absence from his life, nieces Debbie and Carolyn reinserted themselves in Andrew's life only after they learned he was suffering from dementia and owned his condominium free and clear. The nieces told Andrew that Carol was mismanaging his finances and refusing to let him return home from the memory care facility; and that they would take him home.

In July 2014, based on the nieces' statements, Andrew executed a new power of attorney and advanced health care directive that designated

3

Carolyn his agent instead of Carol. On September 16, Andrew executed a "Second Amendment to and Complete Restatement of [the Trust]" (the Second Amendment), which designated Debbie the successor trustee; Carolyn as the alternate successor trustee; and Debbie, Carolyn, and Staci as equal one-third beneficiaries. The Second Amendment eliminated Carol as a trustee or beneficiary.

## 2. Related Litigation

Carol described in the petition certain related litigation. We summarize here only the key cases.

### (a) Conservatorship Case

In July 2014, Carol filed a petition for conservatorship over Andrew (San Diego Superior Court case number 37-2014-00025362-PR-CP-CTL; the Conservatorship Case). Andrew retained counsel (Albence & Associates, Christopher Albence, and Keeley Luhnow; together, the Conservatorship Counsel) and opposed Carol's petition. The Conservatorship Counsel are the respondents in this appeal.

In June 2015, after a nearly five-day trial, the court (Judge Joel Pressman) denied Carol's petition, finding she did not present clear and convincing evidence showing a conservatorship was warranted. However, while acknowledging the issue was not before it, the court found Andrew's nieces exerted undue influence over him and, thus, the 2014 estate planning documents "should be declared void, and of no force and effect, but this matter was not referred to me."

### (b) Fraud Case

In November 2017, Carol sued Debbie and Carolyn for (among other things) fraudulently and unduly influencing Andrew into modifying his estate

4

planning documents in 2014 (San Diego Superior Court case number 37-2017-00046854-CU-FR-CTL; the Fraud Case).

On February 8, 2019, the Fraud Case settled at a settlement conference presided over by Judge Lorna Alksne. As part of the settlement, the parties agreed Carol "shall become the Trustee of the [Trust]," and the Second Amendment "shall be vacated." Judge Alksne formalized the settlement in an order (the February 8 Settlement Order).

To clarify the terms of the settlement, the parties later stipulated that "[a]ny and all estate documents . . . executed after June 1, 2014, shall be vacated and void ab initio," and, thus, Carol "continues to be the Trustee for the . . . Trust." Judge Alksne signed the stipulation as an order on April 25, 2019 (the April 25 Stipulated Order).

### (c) Malpractice Case

In April 2019, Carol—individually and as trustee of the Trust—filed a malpractice lawsuit against the Conservatorship Counsel and the attorney who modified Andrew's estate planning documents in 2014 (San Diego Superior Court case number 37-2019-00021040-CU-PN-CTL; the Malpractice Case). Carol asserted causes of action for "legal malpractice," breach of fiduciary duty, elder abuse, intentional infliction of emotional distress, gross negligence, "notary negligence," and declaratory relief.

Carol based her malpractice claim against the Conservatorship Counsel on the allegation they "negligently and carelessly . . . litigated [the Conservatorship Case] when [they] had actual knowledge that Andrew . . . suffered from dementia."

Similarly, Carol based her malpractice claim against the estate planning attorney on the allegation that, despite the attorney "ha[ving] actual knowledge that Andrew . . . suffered from dementia," the attorney

5

"negligently and carelessly drafted a revised will and trust for Andrew" without "refer[ring] Andrew . . . for an examination for dementia."

As we explain further below, in November 2020 (two months after Carol filed her petition in this case), the court in the Malpractice Case granted summary adjudication for the Conservatorship Counsel, and summary judgment for the estate planning attorney. The Malpractice Case is currently on appeal.

### 3.  Carol's Basis for Bringing the Petition

Carol explained in her petition that she needed the court to clarify the Trust because the defendants in the Malpractice Case were "arguing that she is not the Trustee" of the Trust and that the April 25 Stipulated Order "is invalid because it was not issued from the probate department."

Thus, "[i]n order to clarify her status in the Malpractice Case," Carol asked the court to issue an "order invalidating the [Second Amendment], verifying that the terms of the [Trust] are set forth in the [Trust] and First Amendment, verifying that Carol is the Trustee of the [Trust], and that the beneficiaries of the [Trust] are (in equal shares) Carol and her daughter, Staci."

### B.  Ex Parte Application

The same day she filed the petition, Carol applied ex parte to obtain the relief requested therein. She explained she needed immediate relief because the defendants in the Malpractice Case had challenged her standing to pursue that case, and the discovery referee and trial judge were refusing to rule on issues until her standing was resolved.

The trial court here denied the ex parte application on the grounds "[n]otice to defendants in [the Malpractice Case] is required," and "this is not an appropriate matter for ex parte relief."

6

### C. Objection to Petition

On December 8, 2020, the Conservatorship Counsel filed an objection to the petition on two grounds.

First, they argued it was moot because Carol's stated purpose in bringing the petition was to clarify her standing in the Malpractice Case, yet her claims in that case had already been adjudicated against her. More specifically, the Malpractice Case defendants moved for summary judgment (or, in the alternative, summary adjudication) on standing, substantive, and statute of limitations grounds. By stipulation, the court bifurcated the standing issue, set it for a later hearing, and assumed for purposes of the remaining grounds that Carol had standing as trustee. The court then granted the defense motions on substantive and statute of limitations grounds, and vacated the hearing on the standing issue.

Second, the Conservatorship Counsel argued the Fraud Case settlement did not properly invalidate the Second Amendment because there was "no evidence before the Court that Staci . . . consented to the modifications requested."[4]

### D. Trial Court's Initial Ruling

On December 9, 2020, the trial court denied the petition. The court's minute order does not state the court's reasoning, and the petition hearing was not reported.

Carol filed a notice of appeal and prepared a proposed settled statement. At an unreported hearing on the proposed settled statement, the

---

[4]     About two hours after the objection was filed, Staci filed a "notice of waiver" stating she waived notice of the settlement proceedings in the Fraud Case and on the petition proceedings in this case.

trial court vacated its initial denial order and set the petition for hearing on June 16, 2021. Carol then abandoned her appeal.

### E. Objection

Two days before the re-calendared petition hearing, the Conservatorship Counsel filed an "Objection to Appellant's Proposed Settled Statement." In addition to taking issue with Carol's proposed settled statement—which, by then, was moot—the objectors again argued the petition was moot in light of the disposition in the Malpractice Case, which was then on appeal.

### F. Hearing

On June 16, 2021, the court heard Carol's petition. Carol and the Conservatorship Counsel appeared through counsel. The hearing was reported and the transcript is in the appellate record.

Counsel for the Conservatorship Counsel stated he did not oppose the requested relief applying prospectively, but opposed it applying retroactively because it could "overreach[ ] back in time and . . . wreak havoc" in the Malpractice Case, which was still on appeal.

Carol's counsel reiterated that the basis for the petition "was a court order by Judge Alksne that should be enforced."

The trial court prefaced its ruling by identifying three concerns. First, the court "had concerns about making any ruling that would prejudice the other pending actions."

Second, the court observed that the settlement in the Fraud Case culminated in valid court orders, which "have not been successfully collaterally attacked by any party" or "reversed by a reviewing court" and, thus, "those orders remain in place."

8

Third, the court stated that "part of the problems with this case ha[s] to do with the travel, if you will, of [the same] transactional facts through various departments of the court," which "creates a minefield of problems for the Court to . . . navigate so that it doesn't make another court order that somehow can be used to leverage another court order or impact another court order."

"So with all of those three points in mind," the court took judicial notice of the February 8 Settlement Order, April 25 Stipulated Order, and summary judgment/adjudication order in the Malpractice Case, and made "no further orders."

The court elaborated that, although "the general purview of [Carol's] petition" was to solicit "some type of comment . . . on Judge Alksne's orders," the court was refraining from doing so "by design" because "the orders say what they say," and, thus, further comment was "unnecessary," "has no judicial effect, whatsoever," and is "duplicative and cumulative."

Carol's counsel argued the court should elaborate on Judge Alksne's orders because there was a "third piece" that was not included in them.[5] The court responded that the unspecified "third part . . . dealt with . . . some other collateral issues," so, "using the same rationale that [the court] just outlined," the court repeated that it would be "making no comment on any orders of the Court that [Judge Alksne] . . . or any other judge made that haven't been set aside or reversed on appeal."

Carol's counsel pleaded with the court "to make it official that Carol Howard is the trustee of the trust" because no one else can serve as trustee.

---

5    Carol has not explained on appeal what this "third piece" is.

9

The court responded, "Well, the Court disagrees with you. And it has nothing to add to the orders that I did make."

## G. Trial Court's Order

The same day as the hearing (June 16, 2021), the court issued a minute order stating a "[m]iscellaneous hearing [was] held," and that the court was taking judicial notice of Judge Alksne's February 8 Settlement Order and April 25 Stipulated Order, and the summary judgment/adjudication order in the Malpractice Case.

Carol initially attempted to appeal from this minute order. After several exchanges of correspondence with our court regarding the appealability of that minute order, Carol requested and obtained from the trial court a signed minute order dated December 2, 2021, expressly denying the petition without prejudice.[6] We deem Carol's appeal to have been taken from this order.

## II. DISCUSSION

## A. Appealability

The Conservatorship Counsel's only argument on appeal is that Carol has not appealed from an appealable order because "[t]he only signed order related to [her] petition reiterates the Court's position that it will not make any orders other than taking judicial notice of prior orders." Carol maintains

---

[6]    We grant Carol's December 16, 2021 request to take judicial notice of the trial court's December 2, 2021 order. We deny Carol's request as to the remaining exhibits for which she requested judicial notice because they either were not before the trial court (see *Big Lots Stores, Inc. v. Superior Court of San Diego County* (2020) 57 Cal.App.5th 773, 784, fn. 7), are duplicative of documents already contained in the appellate record (see *Bravo Vending v. City of Rancho Mirage* (1993) 16 Cal.App.4th 383, 406, fn. 12), or are not necessary for our disposition of the issues on appeal (see *Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 482).

the Conservatorship Counsel lack standing to raise this objection because they are not truly interested parties. Regardless of Carol's standing challenge, we must address the appealability issue because "[t]he existence of an appealable judgment [or order] is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; see *Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 765.)

We are satisfied Carol has appealed from an appealable order. The Conservatorship Counsel's appealability challenge appears to be based on the trial court's initial June 16, 2021 ruling, which only took judicial notice of prior court orders. However, the trial court subsequently signed and filed an order expressly denying Carol's section 17200 petition. Such orders generally are appealable. (See § 1304, subd. (a));[7] *Gridley v. Gridley* (2008) 166 Cal.App.4th 1562, 1586 ["With two exceptions not relevant here, final orders under section 17200 are appealable orders."]; *Boys & Girls Club of Petaluma v. Walsh* (2008) 169 Cal.App.4th 1049, 1057 [same].)

### B. No Error in Denying the Petition

Carol contends the trial court erred by denying her petition. We review the trial court's ruling on a section 17200 petition for an abuse of discretion. (*Gregge v. Hugill* (2016) 1 Cal.App.5th 561, 567; *Dunlap v. Mayer* (2021) 63 Cal.App.5th 419, 423 (*Dunlap*).) On the record before us, we see no error.

---

7 Section 1304 states in part: "With respect to a trust, the grant or denial of the following orders is appealable: [¶] (a) Any final order under . . . Section 17200 . . . , except the following: [¶] (1) Compelling the trustee to submit an account or report acts as trustee. [¶] (2) Accepting the resignation of the trustee."

11

As the trial court observed, Carol's petition was essentially asking "the Court to make some type of comment . . . on Judge Alksne's orders." It was within the trial court's discretion to decline to do so.

On one hand, if the trial court had been otherwise inclined to grant the petition by merely restating Judge Alksne's orders, the trial court could reasonably have concluded—as it did—that doing so would be "unnecessary," "duplicative," and "cumulative." A trial court has the discretion to deny a section 17200 petition on this basis. (See § 17202 ["The court may dismiss a petition if it appears that the proceeding is not reasonably necessary for the protection of the interests of the trustee or beneficiary."]; § 17206 ["[t]he court in its discretion may make any orders and take any other action necessary or proper to dispose of the matters presented by the petition"]; *Dunlap*, *supra*, 63 Cal.App.5th at p. 423 ["Sections 17202 and 17206 both provide the court with discretion to make orders regarding trusts."].)

On the other hand, if the trial court had been otherwise inclined to grant Carol's petition in a way that narrowed Judge Alksne's orders, the trial court would have run afoul of the rule that " '[o]ne department of the superior court cannot enjoin, restrain, or otherwise interfere with the judicial act of another department of the superior court.' " (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1450 (*Glade*); see *Paul Blanco's Good Car Co. Auto Group v. Superior Court* (2020) 56 Cal.App.5th 86, 99 ["Because a superior court is a single entity comprised of member judges, ' "one member of that court cannot sit in review on the actions of another member of that same court." ' "].) By denying Carol's petition, the court avoided running afoul of this rule.

The trial court would also have acted within the scope of its discretion by denying Carol's petition as moot. "When an event occurs that renders it impossible for the court to grant effective relief," a trial court has the

authority to dismiss that case as moot—indeed, "[i]n some cases, a trial court abuses its discretion in failing to" do so. (*In re Schuster* (2019) 42 Cal.App.5th 943, 951; see *Rio Vista Farm Bureau Center v. County of Solano* (1992) 5 Cal.App.4th 351, 383 [trial court did not err by dismissing, sua sponte, claims that had become moot].) Carol expressly alleged that her purpose in bringing the petition was "to clarify her status in the Malpractice Case." But by the time of the petition hearing, the court in the Malpractice Case had already adjudicated her claims. The trial court here took judicial notice of that ruling. Because Carol's stated purpose could no longer be achieved, it was within the trial court's discretion to deny the petition as moot.

Under any of these theories, it was within the trial court's discretion to deny Carol's petition. (See *Cape Concord Homeowners Assn. v. City of Escondido* (2017) 7 Cal.App.5th 180, 193 [" 'we will affirm a judgment or order if it is correct on any theory of law applicable to the case' "].)

Carol raises several specific challenges to the court's ruling, none of which we find persuasive.

First, Carol complains that the trial court erred by "summarily" denying her petition. But the court's ruling is presumed correct (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609), and "the fact that the court's conclusion is set forth in summary fashion does not mean the court failed to engage in the requisite analysis, or that its analysis was incorrect" (*City of Los Altos v. Barnes* (1992) 3 Cal.App.4th 1193, 1198). Rather, it is Carol's burden as the appellant to affirmatively show error. (*Jameson*, at pp. 608-609.)

Second, Carol contends the court erred in denying her petition because it was effectively unopposed. Carol acknowledges the Conservatorship Counsel did, in fact, object to the petition, but she maintains their objection

13

was invalid because it was untimely and the objectors lacked standing. Even assuming Carol's timeliness and standing challenges have merit, her underlying challenge fails because she has cited no authority that *requires* a trial court to grant a motion simply because it is unopposed. The closest she comes is *Sexton v. Superior Court* (1997) 58 Cal.App.4th 1403, which involved a Los Angeles County Superior Court local rule that provided " '[t]he failure to file opposition creates an inference that the motion or demurrer is meritorious.' " (*Id*. at 1410.) *Sexton* is inapposite because it involved a local rule from a different court (Carol has cited no local analogue) that merely created an *inference* of meritoriousness; it did not *require* that the court grant a motion merely because it was unopposed. (See *ibid*.) We decline to adopt such a rule.

Finally, citing *Glade, supra*, 38 Cal.App.4th 1441, Carol implies the trial court improperly "ignored or overlooked" Judge Alksne's orders. To the contrary, the trial court respected them by judicially noticing them and refraining from commenting further upon them.

### III. DISPOSITION

The order is affirmed. Carol to pay respondents' costs on appeal.

HALLER, J.


WE CONCUR:


McCONNELL, P. J.


DATO, J.