Filed 4/28/23  Wood v. Maleev CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CHRISTOPHER WOOD et al.,<br><br>        Plaintiffs and Respondents,<br><br>v.<br><br>DANIEL MALEEV et al.,<br><br>        Defendants and Appellants. | A166584<br><br>(Alameda County Super. Ct. No. RG19033563) |

Defendants Daniel Maleev and Ivan Maleev appeal after entry of judgment in this dog-bite case, seeking review of orders (1) granting plaintiffs Christopher Wood's and Carolin Sue Wood's motion to compel further responses to various discovery requests and awarding the Woods $4,800 in sanctions against the Maleevs; and (2) denying the Maleevs' request for attorney's fees. Because the record provided by the Maleevs fails to demonstrate that either order constitutes reversible error, we affirm.

## BACKGROUND

After an incident in which Daniel Maleev's dog allegedly bit Christopher Wood at a dog park, Christopher and his wife, Carolin Sue Wood, sued Daniel Maleev and his father, Ivan, for negligence, strict liability, and loss of consortium. The Woods

1

propounded 87 special interrogatories, 87 form interrogatories, and 62 requests for production of documents.[1]  On September 28, 2020, the Maleevs responded solely with objections.  The parties then exchanged letters and emails about the propriety of the Maleevs' responses, at the end of which the Maleevs asked the Woods to withdraw the discovery requests and offered instead to provide sworn declarations and stipulate to undisputed facts.

Pursuant to the trial court's local rules in effect at the time, on November 12, 2020, the Woods requested an informal discovery conference with the court as a prelude to filing a motion to compel further responses.  After various delays, the trial court held the informal discovery conference on March 1, 2021.  The record does not contain a transcript or a substitute for a transcript describing what occurred at the conference.  A minute order posted after the conference states, "The court conducts an informal discovery conference in chambers.  Parties may file a discovery motion.  This order is valid until 08/2021."

The parties again met and conferred after the discovery conference but were still unable to resolve their differences.  On April 30, 2021, the Woods filed motions to compel the Maleevs to provide further responses to their discovery requests.  The Maleevs opposed the motions by arguing, among other things,

---

[1] As we will explain, the Maleevs did not provide a complete record, so we have been unable to directly confirm various matters, such as the volume of discovery the Woods propounded or the nature of the Maleevs' responses.  For the purposes of this summary of the background of this case, we accept the Maleevs' characterization of some of these facts.

that the motions were untimely. They also asked for an award of attorney's fees under section 2023.020 of the Code of Civil Procedure because the Woods allegedly failed to meet and confer in good faith before filing the motions.[2]

The trial court issued a tentative ruling granting the motions and imposing $7,200 in sanctions against the Maleevs and their counsel. The trial court tentatively ruled the motions were timely because they were filed before the August 2021 deadline set in the minute order after the informal discovery conference. The Maleevs filed an ex parte application seeking leave to submit additional briefing regarding whether they received sufficient notice that the deadline was tolled by the minute order and whether they acted with substantial justification in believing it had not been tolled, which would have been grounds for denying the Woods' request for sanctions. The trial court denied the application.

After a hearing at which the trial court denied the Maleevs' attempt to present the arguments they had wanted to make in supplemental briefing, in May 2021 the trial court issued orders granting the motions and imposing $4,800 in sanctions.

In July 2021, the Maleevs moved to set aside the sanctions, arguing they were not on notice that the deadline had been tolled. The trial court denied the motion.

---

[2] Undesignated statutory references are to the Code of Civil Procedure. Undesignated citations to rules are to the California Rules of Court.

In December 2021, Christopher Wood accepted the Maleevs' offer under section 998 and agreed to dismiss his negligence and strict liability claims in exchange for $10,000 plus litigation costs. Carolin Sue Wood then voluntarily dismissed the loss of consortium claim.

In May 2022, the Maleevs moved for an award of attorney's fees under section 2023.020 based on the Woods' failure to meet and confer in good faith before filing their motions to compel. The trial court denied the motion.

In October 2022, the trial court entered judgment pursuant to section 998. The Maleevs appealed the orders (1) denying their ex parte request to submit supplemental briefing, (2) granting the Woods' motions to compel and imposing sanctions, (3) denying the Maleevs' motion to set aside the sanctions, and (4) denying their motion for attorney's fees.

## DISCUSSION

### I. Timeliness and Due Process

The Maleevs first argue the order imposing monetary sanctions on them should be vacated because the Woods' motions to compel further responses to the discovery requests were untimely and the sanctions violated due process.

The statutes authorizing the Woods' motions to compel further discovery responses state that "[u]nless notice of [the motion to compel] is given within 45 days of the service of the verified response, or any supplemental verified response, or on or before any specific later date to which the propounding party and the responding party have agreed in writing, the propounding

4

party waives any right to compel a further response to the" interrogatories or requests for production of documents. (§§ 2030.300, subd. (c); 2031.310, subd. (c).) The 45-day deadline in these statutes is " 'jurisdictional' in the sense that it renders the court without authority to rule on motions to compel other than to deny them." (*Sexton v. Superior Court* (1997) 58 Cal.App.4th 1403, 1410.)

The trial court's local rules at the time required parties to request an informal discovery conference pursuant to former section 2016.080. (Super. Ct. Alameda County, Local Rules, former rule 3.31 [eff. Jan. 1, 2019]; former § 2016.080, subd. (a), added by Stats. 2017, ch. 189, § 1, eff. Jan. 1, 2018, amended by Stats. 2018, ch. 92, § 44, eff. Jan. 1, 2019 & repealed Jan. 1, 2023.) Former section 2016.080, subdivision (a) stated, "If an informal resolution is not reached by the parties, as described in Section 2016.040, the court may conduct an informal discovery conference upon request by a party or on the court's own motion for the purpose of discussing discovery matters in dispute between the parties." Subdivision (c)(2) of former section 2016.080 further provided, "If an informal discovery conference is granted or ordered, the court may toll the deadline for filing a discovery motion or make any other appropriate discovery order." The trial court's local rules stated, "The emailed request for an IDC will toll the deadline for filing the discovery motion for the number of days between the request and issuance by the court of a subsequent order or, denial by operation of law." (Super. Ct. Alameda County, Local Rules, former rule 3.31(4).)

5

The Maleevs contend that the 45-day period began to run on September 28, 2020, when they served their responses, and was four days from expiring when the Woods requested the informal discovery conference. They argue the local rules then tolled the deadline until March 1, 2021, when the trial court issued its order following the conference, and therefore expired long before the Woods filed their motions on April 30, 2021.

The Maleevs concede that the trial court could toll the deadline after the discovery conference based on subdivision former section 2016.080, subdivision (c)(2). They also recognize that the post-discovery conference order stated, "Parties may file a discovery motion. This order is valid until 08/2021." But the Maleevs argue this is insufficient for various reasons, asserting that an order cannot impliedly toll the deadline, the "08/2021" deadline is vague because it does not say when in August 2021 the deadline would expire, and the court did not mention anything about tolling during the informal discovery conference. They also contend that due process prevented the trial court from imposing sanctions until they had a chance to brief whether they acted with substantial justification in believing the deadline had not been tolled.

The Maleevs' arguments all depend on what transpired at the informal discovery conference, but they have not provided a sufficient record of what happened at the conference to demonstrate reversible error. Rule 8.120(b) provides three alternatives if an appellant "intends to raise any issue that requires consideration of the oral proceedings in the superior

6

court . . . : [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137." The Maleevs have failed to follow any of these alternatives. Given that the discovery conference was intended to be informal, the absence of a reporter's transcript is not surprising, although the Maleevs do not say that it would have been impossible to bring a court reporter to the conference. But there is no apparent reason why the Maleevs could not have provided an agreed statement or a settled statement after noticing their appeal, either of which would have resolved the questions of what, exactly, the trial court stated at the discovery conference regarding tolling, and whether the Maleevs had sufficient notice of the tolling issue to satisfy due process.

" 'It is well settled, of course, that a party challenging a judgment [or order] has the burden of showing reversible error by an adequate record.' [Citation.] ' "A judgment or order of the lower court is *presumed correct.*" ' " (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) In the absence of a record of the oral proceedings, " ' "any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it . . . ." ' " (*Id.* at p. 575.) We must therefore presume the trial court discussed tolling at the informal discovery conference, and we resolve any ambiguity or vagueness in the minute order in favor of the trial court's action. (*Ibid.* [absence of record of oral proceedings prevented appellant from rebutting presumption that he orally stipulated in trial court to having matter heard by commissioner].)

7

Apart from the presumptions favoring the trial court's order, the record the Maleevs have provided gives specific reason to question their account of what transpired at the discovery conference. At the hearing on the Woods' motions to compel, the Maleevs asserted that at the discovery conference the trial court had only instructed the clerk not to require another informal discovery conference in the case and had not mentioned tolling. The trial court interrupted to state that the Maleevs were "making an inaccurate record" of what took place at the discovery conference. The court did not describe the specific discussions that took place at the conference, but its remarks nonetheless indicate that it disagreed with the same assertions the Maleevs now make about what transpired. It was therefore essential for the Maleevs to supply a proper record of the oral proceedings.

If the parties could not stipulate to an agreed statement of the discussions at the discovery conference (rule 8.134), a settled statement would have sufficed. Briefly summarized, to create a settled statement, an appellant prepares a summary of the oral proceedings, and the respondent may respond. (Rule 8.137(d)–(e).) The trial court reviews the summary and response, if any, and corrects or modifies the summary to make it accurate. (Rule 8.137(f).) The parties then have a chance to prepare proposed modifications or objections. (Former rule 8.137(g).)[3]

---

[3] The Judicial Council slightly amended rule 8.137(g), effective April 1, 2023. (Judicial Council, Amendment to the California Rules of Court, rule 8.137, available at <https://jcc.legistar.com/View.ashx?M=F&ID=11695369&GUID=21BD4926-FC5F-4A36-B5CE-2358586D6969> [as of April 28,

8

Had the Maleevs followed this procedure, we would have a record of the positions that they, the trial court, and likely the Woods took regarding what occurred during the informal discovery conference. If the Maleevs objected to whatever corrected statement the trial court issued, there may not have been a conclusive record of the discovery conference. But the process of creating the corrected statement would have required the trial court to detail specifically its view of what took place at the conference, which would defeat the need to infer facts supporting the trial court's action and would facilitate our review. The absence of a settled statement, by contrast, prevents the Maleevs from rebutting the presumptions favoring the trial court's ruling. (*Elena S. v. Kroutik*, *supra*, 247 Cal.App.4th at p. 575.)

## II. Attorney's fees

The Maleevs next argue the trial court erred in denying their request for attorney's fees. The Maleevs' request rested on section 2023.020, which states in full, "Notwithstanding the outcome of the particular discovery motion, the court shall impose a monetary sanction ordering that any party or attorney who fails to confer as required pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." The Maleevs contend they are entitled to attorney's fees because the Woods did not make a reasonable and good faith

---

2023].) The amendment is immaterial to this case, as the procedure for preparing a settled statement is the same under both versions of the rule.

9

attempt to resolve each of the issues raised in the Woods' motions.

The trial court did not award the Maleevs any attorney's fees when it ruled on the Woods' motions to compel, even though the Maleevs included a request with their opposition to those motions. It also denied the Maleevs' motion for attorney's fees at the end of the case. The Maleevs raise various reasons why they believe the latter ruling was error. We need not consider the merits of these arguments, however. The Maleevs must establish prejudice to obtain a reversal based on any error, meaning a reasonable probability of a more favorable result (*People v. Watson* (1956) 46 Cal.2d 818, 836), and the Maleevs have not provided an adequate record for this purpose.

The Maleevs' request for attorney's fees was based on their contention that the Woods failed to discuss the objections the Maleevs raised in their discovery responses. But the Woods refused to meet and confer about each individual objection in the Maleevs' responses because the Woods believed the objections were themselves not in good faith. The Woods pointed out that the Maleevs objected to every single discovery request.

The Maleevs' refusal to respond to any discovery request, including form interrogatories, itself suggests that the Woods have the better of this argument, but we need not ultimately answer that question. To determine whether the Maleevs have a reasonable probability of convincing the trial court that the Woods did not confer reasonably and in good faith, we would need to see the Woods' discovery requests and the Maleevs' responses

10

in full. But the appellate record the Maleevs have provided contains only one set of special interrogatories and none of their original responses. The only responses in the record are the Maleevs' supplemental responses to the special interrogatories. The Maleevs served those responses after the Woods had filed their motions to compel and the responses consist entirely of cross-references to signed declarations by the Maleevs, so they prove nothing about the reasonableness of the Woods' refusal to discuss each of the Maleevs' original objections. The Woods' motions, which are in the record, indicate that the Woods supported each motion with the required separate statement containing both the discovery requests and responses. (Rule 3.1345(c).) But the Maleevs did not include those separate statements in the appendix they prepared for this appeal.

Because the Maleevs have not provided a record from which we could discern any prejudice in the denials of their request for attorney's fees, much less a record demonstrating such prejudice, they have not established grounds for reversal of the trial court's denial of their request for attorney's fees.

## DISPOSITION

The judgment is affirmed.

BROWN, P. J.


WE CONCUR:

STREETER, J.
GOLDMAN, J.

*Wood v. Maleev* (A166584)

11