Filed 7/30/25  Reynolds v. Bacon CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| DON J. REYNOLDS et al., | B339599 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 20STCV22155) |
| v. | |
| JAMES V. BACON, SR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jessica A. Uzcategui, Judge.  Affirmed.

Fisher Law Corporation and David S. Fisher for Defendant and Appellant.

Scali Rasmussen, Jeffrey W. Erdman and Julie S. Pearson for Plaintiffs and Respondents.

_____

Defendant and appellant James V. Bacon, Sr. appeals from the trial court's order awarding $17,217.50 in discovery sanctions in favor of plaintiffs and respondents Nancy L. Reynolds, Don J. Reynolds, and Stephen W. Bacon.[1]  The parties are engaged in litigation over control of the family business, the Allen Gwynn Chevrolet dealership (AG Chevy or the dealership).  The plaintiffs subpoenaed AG Chevy's insurer, New York Marine and General Insurance Company (NY Marine), for documents relating to a claim AG Chevy filed for an alleged theft at the dealership involving family members.  Both NY Marine and James resisted the subpoena, and the trial court granted the plaintiffs' motion to compel.  In a separate discovery dispute, the court granted the plaintiffs' motion to compel James to provide further responses to interrogatories.  In both cases, the trial court ordered James to pay sanctions to the plaintiffs as the prevailing parties.

James contends the trial court erred by awarding sanctions on the NY Marine subpoena because the plaintiffs' motion to compel was untimely.  He also argues the amount of both sanctions awards was excessive and punitive.  We find no abuse of discretion and affirm.

---

[1] The parties are all members of the same family, and in order to avoid confusion, we refer to them by their first names. We intend no disrespect.  Both sides sued each other in separate cases that have subsequently been consolidated.  We refer to Nancy, Don, and Stephen as the plaintiffs because they sued James before he sued them.

# FACTS AND PROCEEDINGS BELOW

Because the only issue in this case is the sanctions award,[2] we limit our discussion of the facts to the two discovery disputes.

## A. The Interrogatories

On September 30, 2021, the trial court granted in part the plaintiffs' motion to compel James to provide further responses to the plaintiffs' interrogatories but denied the plaintiffs' request for sanctions on the ground that James's opposition was substantially justified. James submitted further responses to the interrogatories, but the plaintiffs remained unsatisfied and filed a second motion to compel. They sought $15,109.50 in sanctions, as well as evidentiary sanctions against James for failing to comply with the order to provide further responses.

The court appointed a referee to adjudicate this and other discovery disputes. The referee recommended that the trial court grant the motion in part and award the plaintiffs a reduced amount of $11,000 in monetary sanctions, but deny evidentiary sanctions with an admonishment "that further failure to comply likely will result in evidentiary sanctions."

## B. The NY Marine Subpoena

On December 17, 2021, the plaintiffs served a subpoena on NY Marine seeking the production of business records pertaining to a claim AG Chevy filed for a loss based on employee theft. James, acting "for himself alone," filed objections to the subpoena. On January 18, 2022, NY Marine filed its own objections, largely parroting the objections made by James.

---

[2] James's reply brief makes clear that he challenges "only the award of sanctions against [James] and his counsel."

After a meet and confer with NY Marine led to the production of only a few documents, on March 28, 2022, the plaintiffs filed a motion to compel NY Marine to produce additional documents.  The plaintiffs also sought $9,217.50 in sanctions from James and his attorney on the grounds that they had misused the discovery process by instructing NY Marine not to comply with the subpoena, and that they had improperly filed objections to the subpoena rather than filing a motion to quash or for a protective order as was statutorily required.

NY Marine did not oppose the motion to compel.  James filed an opposition arguing that the motion was defective in several ways, including that it was not timely filed.

The referee recommended that the court grant the motion to compel and award a reduced amount of $6,217.50 in sanctions against James and his attorney.  The referee reasoned that James "lacked standing to object to the [third] party subpoena," and "controlling authority" made clear that James could challenge the third-party subpoena only by "a motion to quash or [for a] protective order," which he had not filed.  By simply filing objections instead of a motion, and by encouraging NY Marine not to comply with the subpoena, James "wrongfully interfered with the discovery process."

## C.   Trial Court Order

On June 25, 2024, the trial court issued an order addressing eight discovery disputes, including those described above.  The court stated that it had "read and considered" the referee's recommendations and, as to both of the motions to compel at issue here, the court granted the motions "for the reasons set forth in the [r]ecommendation."  The court also imposed sanctions in the amount the referee recommended.

4

# DISCUSSION

## A. Background and Standard of Review

The trial court "may impose [monetary] sanctions against anyone engaging in conduct that is a misuse of the discovery process." (Code Civ. Proc., § 2023.030.)[3] In the case of a motion to compel the production of documents in response to a subpoena on a nonparty, "the court may in its discretion award the amount of the reasonable expenses incurred in making or opposing the motion, including reasonable attorney's fees, if the court finds the motion was made or opposed in bad faith or without substantial justification or that one or more of the requirements of the subpoena was oppressive." (§ 1987.2, subd. (a).) With regard to interrogatories served on a party, "[t]he court shall impose a monetary sanction . . . against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a response to interrogatories, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (§ 2030.290, subd. (c).)

"A court may direct a special reference to a discovery referee to resolve the parties' discovery disputes. (§ 639.) If the trial court orders the reference without the parties' consent, '[t]he referee's factual findings are advisory recommendations only; they are not binding unless the trial court adopts them.' " (*Lopez v. Watchtower Bible & Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 588.) Nevertheless, "[i]n its review, the court should give the referee's findings ' "great weight" ' and focus on

---

[3] Unspecified statutory references are to the Code of Civil Procedure.

5

the parties' objections to those findings." (*Id.* at p. 589.) We review orders regarding discovery for abuse of discretion (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 789), including orders based on the trial court's decision to accept the referee's recommendation. (*Lopez, supra,* at p. 588.) "The test for abuse of discretion is whether the trial court's decision exceeded the bounds of reason." (*Cornerstone Realty Advisors, LLC, supra,* at p. 789.)

## B.    The Trial Court Did Not Err in Finding James's Subpoena-related Conduct Justified Sanctions

The trial court ordered James and his attorney to pay sanctions in connection with the plaintiffs' motion to compel NY Marine based on the referee's finding that James wrongfully interfered with the discovery process. The referee concluded that James failed to follow "the appropriate course of action" when he filed objections to the subpoena rather than filing a motion to quash or for a protective order, and that he lacked standing to object to a subpoena directed to a third party. In addition, the referee concluded that James's attorney improperly advised NY Marine not to comply with the subpoena and to object to it.

James argues this was error because the plaintiffs' motion to compel was untimely filed, and the court lacked jurisdiction to grant it. This argument misses the point. The court ordered James and his counsel to pay sanctions not because they were wrong about the timeliness of the motion to compel, but because they interfered with the discovery process through improper means and attempted to assert rights that belonged to NY Marine and not to James.

James is correct that there is a strict 60-day deadline for filing a motion to compel a nonparty to respond to a subpoena for

6

the production of documents (see § 2025.480, subd. (b)), and that courts have held that the clock begins to run when the nonparty serves objections to the subpoena. (E.g., *Board of Registered Nursing v. Superior Court* (2021) 59 Cal.App.5th 1011, 1032.) But this strict deadline is part of a statutory scheme designed specifically for the protection of nonparties. " ' "While all discovery devices are available against a party, only deposition subpoenas can be directed to a nonparty. . . . [¶] The distinction between parties and nonparties reflects the notion that, by engaging in litigation, the parties should be subject to the full panoply of discovery devices, while nonparty witnesses should be somewhat protected from the burdensome demands of litigation." ' " (*Id.* at p. 1033, italics omitted, quoting *Monarch Healthcare v. Superior Court* (2000) 78 Cal.App.4th 1282, 1290.) Because of the 60-day deadline, a nonparty "may comply (or not) with the subpoena, and it can be confident that its obligations under the subpoena will be swiftly addressed and adjudicated." (*Board of Registered Nursing*, *supra*, at p. 1033.) The requirement that parties assert any objections to a subpoena duces tecum on a nonparty via a motion to quash or for a protective order, rather than simply serving objections, similarly ensures that nonparties' obligations will be swiftly addressed and adjudicated. (See § 1987.1, subd. (a).)

Thus, the party aggrieved by the plaintiffs' late filing of the motion to compel was NY Marine. Yet NY Marine did not oppose the motion and thus waived any untimeliness objection. James contends the trial court lacked jurisdiction to grant the motion to compel because it was filed after the 60-day deadline. Although some courts have described discovery deadlines as "jurisdictional" (e.g., *Weinstein v. Blumberg* (2018) 25 Cal.App.5th 316, 322,

7

fn. 3), they are not " 'jurisdictional' in the fundamental sense." (*Sexton v. Superior Court* (1997) 58 Cal.App.4th 1403, 1410.) "When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable," not void. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661.) Here, NY Marine (the subpoenaed party) did not claim the order was void, and the trial court did not lack authority to sanction James and his counsel for interfering with NY Marine's production of documents pursuant to the subpoena.

To the extent James had complaints about NY Marine's production of the requested documents, his remedy was to file a motion to quash or for a protective order. It was not to encourage a nonparty to flout the subpoena, or to assert objections belonging to NY Marine and not to him. For example, in his objections to the subpoena, James claimed that "[t]he production of the requested documents would cause . . . undue burden and expense," and that "[t]he production of the requested documents would include thousands of terabytes of electronically stored information, the cost of which to produce is unduly burdensome" (capitalization omitted) even though the subpoena did not require James to pay any expense or produce any documents, electronic or otherwise.

In sum, the trial court did not abuse its discretion in adopting the referee's recommendation for sanctions against James and his attorney with respect to the NY Marine motion to compel.

## C. The Trial Court Did Not Abuse its Discretion in the Amount of the Sanctions Award

James argues the trial court abused its discretion by awarding an excessive amount of sanctions. He claims that the

plaintiffs' attorneys failed to document the hours they spent on their motions to compel with sufficient specificity, and that they sought compensation for work they had not yet performed as of the time their supporting declarations were submitted. For example, in a declaration in support of sanctions on the motion to compel further responses to interrogatories, an attorney stated that she "expended *greater than* 18.8 hours at the rate of $390 per hour ($7,332 total) performing legal research for, drafting meet and confer correspondence for, and drafting this [m]otion to [c]ompel, its supporting separate statement, and this supporting declaration," and that other attorneys "expended *at least* 3.5 hours" or "*at least* 2.0 hours" reviewing and editing the motion. (Italics added.) The same attorney declared that she "*anticipate*[*d*] expending" 10 additional hours on future work related to the motion, namely eight additional hours "reviewing [James]'s anticipated opposition brief . . . and drafting reply papers" and two hours "preparing and appearing for oral argument on the [m]otion" (italics added). The plaintiffs' attorneys provided similar declarations regarding their work on the motion to compel NY Marine.

James forfeited these arguments by failing to present them to the trial court, or in this case, both the referee *and* the trial court. In his opposition to the motion to compel NY Marine, James made six separate arguments against the motion to compel and requested sanctions for himself, but he did not call into question the amount of work the plaintiffs' attorneys performed and expected to still perform or their documentation of it. In his opposition to the motion to compel further responses to interrogatories, James alleged that the amount the plaintiffs requested in sanctions was "excessive" and "punitive" because the

9

work "could [have been] done more economically by a junior associate," but once again, he did not question the amount of work the plaintiffs' attorneys actually performed or how they documented it. As a result, neither the referee nor the trial court had an opportunity to review the plaintiffs' attorneys' claims in light of James's arguments. (See *In re S.B.* (2004) 32 Cal.4th 1287, 1293 ["The purpose of [the forfeiture] rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected"].)

Even if we were to excuse this forfeiture, James's claim would nevertheless fail because he has failed to show the trial court abused its discretion. "[V]erified time statements of . . . attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 396.) Even now, James has presented no evidence or argument suggesting the plaintiffs' attorneys' declarations are incorrect. Nor is there any requirement for attorneys to do more than provide a declaration "setting forth the reasonable hourly rate, the number of hours worked and the tasks performed." (*Concepcion v. Amscan Holdings, Inc.* (2014) 223 Cal.App.4th 1309, 1324.) Finally, we see nothing wrong here in awarding reimbursement for work the attorneys had not yet done at the time of their declarations. This case is not like *Tucker v. Pacific Bell Mobile Services* (2010) 186 Cal.App.4th 1548, where the court reversed an award of sanctions for attorney fees in conducting a future deposition. (*Id.* at pp. 1562-1564.) In the instant case, the attorneys filed their declarations together with their motions to compel, and they estimated the amount of additional work they would need to

10

perform in preparing a reply to James's opposition and attending the hearing on the motion. By the time the referee made his recommendation, and the trial court accepted it, the work had been done. If James believed the plaintiffs' attorneys had overestimated the amount of work required, he could have challenged it. We see no need or legal justification for requiring attorneys seeking sanctions to file successive declarations updating the amount of work they performed at each step.

## D. Plaintiffs' Request for Appellate Sanctions is Denied

While this appeal was pending, the plaintiffs filed a motion in this court for sanctions. We deny the motion because, although we find no merit in James's arguments, we do not agree with the plaintiffs that "the appeal was frivolous or taken solely for delay." (§ 907; accord, Cal. Rules of Court, rule 8.278(a)(1).)

In their motion, the plaintiffs allege a great deal of misconduct and frivolous argument by James in prior proceedings both in this court and in the trial court. But the statute allows us to sanction a party only if the *current* appeal was frivolous or filed in bad faith.[4] The Supreme Court has held that an appeal is frivolous "when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) The court cautioned against applying this standard too broadly "so as to avoid a serious

---

[4] For this reason, we deny plaintiffs' request for judicial notice as to its exhibits A through H, which concern proceedings other than those specifically before us in this appeal. Exhibit I to the plaintiffs' request for judicial notice is the notice of appeal in this case. As to that exhibit, we deny the request as moot because the clerk's transcript already includes that document.

11

chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal.  An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions.  Counsel should not be deterred from filing such appeals out of a fear of reprisals." (*Ibid.*)

The current appeal is not frivolous under this standard.  In particular, James is correct that the plaintiffs were untimely in filing their motion to compel NY Marine.  While we do not agree with his argument that the court therefore lacked jurisdiction to sanction him, or that the amount of sanctions was erroneous, we cannot conclude that any reasonable attorney would agree that the appeal is completely without merit.  (See *Anders v. California* (1967) 386 U.S. 738, 744 [87 S.Ct. 1396, 18 L.Ed.2d 493] [an appeal is not frivolous if "any of the legal points [are] arguable on their merits"].)

**DISPOSITION**

The trial court's order imposing discovery sanctions is affirmed.  Plaintiffs are awarded their costs on appeal.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.          M. KIM, J.